UNITED STATES of America, Appellee,

v.

**Wilhelm Ernst SCHMITT, Appellant.**

UNITED STATES of America, Appellee,

v.

**Roger Roy LUTHER, Appellant.**

UNITED STATES of America, Appellee,

v.

· **Ernest Willard FOUST, Appellant.**

UNITED STATES of America, Appellee,

v.

**Wilhelm Ernst SCHMITT, Appellant.**

UNITED STATES of America, Appellee,

v.

**Harry Leroy MOTT, Appellant.**

**Nos. 85–5106 to 85–5110.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 23, 1986.

Decided Feb. 28, 1986.

Rehearing and Rehearing En Banc
Denied April 3, 1986.

Wilhelm Ernst Schmitt, pro se.

Jon M. Hopeman, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before HEANEY, JOHN R. GIBSON and FAGG, Circuit Judges.

HEANEY, Circuit Judge.

Wilhelm Schmitt, Ernest Foust, Roger Luther, and Harry Mott appeal from jury verdicts finding them guilty of numerous criminal offenses under Titles 18 and 26 of the United States Code. On appeal, they contend that the district court (1) lacked personal and subject matter jurisdiction, (2) erred in denying their demands to be represented by lay counsel, and (3) violated the Speedy Trial Act of 1974, § 101, 18 U.S.C. § 3161(c)(1). We affirm.

## I. BACKGROUND.

Schmitt, Foust, and Luther were charged with numerous criminal offenses, tried together before a jury, and convicted on all counts charged in the superseding indictments. Specifically, the jury found them guilty of the following crimes:

### A. Wilhelm Schmitt.

Conspiring to injure or impede a federal officer (18 U.S.C. § 372); assaulting a federal officer (18 U.S.C. §§ 111 and 1114); carrying a firearm in the course of a felony (18 U.S.C. § 924(c)(2) (amended 1984)); three counts of possessing an unregistered firearm (26 U.S.C. § 5861(d) (wallet derringer, machine gun, and hand grenades)); and being a felon in possession of a firearm (18 U.S.C. App. § 1202(a)(1)).

### B. Ernest Foust.

Conspiring to injure or impede a federal officer (18 U.S.C. § 372); two counts of possessing an unregistered firearm (26 U.S.C. § 5861(d) (wallet derringer and machine gun)); possessing a machine gun without a serial number (26 U.S.C. § 5861(i)); and manufacturing a machine gun without the approval of the Secretary of the Treasury (26 U.S.C. § 5861(f)).

### C. Roger Luther.

Conspiring to injure or impede a federal officer (18 U.S.C. § 372); three counts of manufacturing machine guns without the approval of the Secretary of the Treasury (26 U.S.C. § 5861(f)); and four counts of possessing an unregistered firearm (26 U.S.C. § 5861(d) (four machine guns)).

In a separate trial, a jury also found Schmitt and Mott guilty of conspiring to commit bank robbery and take hostages during the commission of the robbery in violation of 18 U.S.C. §§ 371 and 2113(a), (e).

### II. JURISDICTIONAL ARGUMENT.

■ The appellants contend that the district court lacked subject matter jurisdiction over the Title 26 offenses because the general jurisdiction granted to federal courts in 18 U.S.C. § 3231 extends only to offenses listed in Title 18 of the United States Code. This Court has repeatedly held that this argument is without merit. *E.g., United States v. Drefke,* 707 F.2d 978, 980–81 (8th Cir.), *cert. denied,* 464 U.S. 942, 104 S.Ct. 359, 78 L.Ed.2d 321 (1983); *United States v. Spurgeon,* 671 F.2d 1198, 1199 (8th Cir.1982). The appellants also argue that the district court lacked personal jurisdiction over them because they are "Natural Freemen" and not a "juristic identity." This argument is entirely frivolous.

### III. LAY COUNSEL CLAIM.

■ The appellants contend that their sixth-amendment right to counsel was violated because the district court refused their requests to be represented by lay counsel. Additionally, they insist that their constitutional rights to freedom of speech, freedom of association, and due process were violated by the district court's action. These arguments also lack merit. *See United States v. Young,* 578 F.2d 216, 217 (8th Cir.1978). Furthermore, the district court appointed standby legal counsel for each appellant, and the appellants refused in any way to rely on the help of this legal counsel, preferring to proceed *pro se.*

Thus, they made a knowing and intelligent waiver of counsel. *See Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975).

### IV. SPEEDY TRIAL ACT CLAIMS.

■ Finally, Schmitt and Mott contend that their Speedy Trial Act rights were violated because their "unwanted counsel" filed pretrial motions over their objections, allowing the district court to hold their trial more than seventy days after return of the indictments. *See* 18 U.S.C. § 3161(c)(1). Even if this argument could state a violation of the Speedy Trial Act, Schmitt and Mott would not be entitled to relief.

Schmitt's and Mott's trial for conspiracy to rob a bank and take hostages was held ninety-six days after return of the indictments (November 21, 1984, to February 25, 1985). However, delays "resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" shall be excluded in computing the seventy-day period. 18 U.S.C. § 3161(h)(1)(F). On December 17, 1984, Schmitt and Mott filed several motions *pro se* which were decided January 3, 1985 (sixteen days). On February 8, 1985, they again filed several *pro se* motions, which were disposed of on February 20, 1985 (twelve days). Thus, the defendants' own *pro se* motions extended the seventy-day period to ninety-eight days. In addition, the eleven days it took to try Schmitt on the other charges extended the period to 109 days. 18 U.S.C. § 3161(h)(1)(D) (excludes delay resulting from trial with respect to other charges against defendant); section 3161(h)(7) (excludes delay resulting from trial with respect to other charges against a codefendant). Although the defendants' standby counsel filed pretrial motions on the defendants' behalf, these motions were filed at the time the district court was considering the defendants' *pro se* motions, and thus had no effect on extending the seventy-day period. Accordingly, the defendants' Speedy Trial Act rights were not violated.

Each of the appellants' convictions is affirmed.