**Wilhelm Ernst SCHMITT, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

Civ. Nos. 3–90–631, 3–90–632.
Crim. Nos. 6–84–124, 6–84–125.

United States District Court,
D. Minnesota,
Third Division.

Dec. 14, 1990.

Wilhelm Ernst Schmitt, pro se.

Jon M. Hopeman, Asst. U.S. Atty., D. of Minnesota, Minneapolis, Minn., for the Government.

## ORDER

DEVITT, District Judge.

### Introduction

Federal prison inmate Wilhelm Ernst Schmitt, convicted in Crim. 6–84–124 on January 24, 1985 of various federal offenses relating to the unlawful possession of firearms and the assault of federal officers, petitions the court, pursuant to 28 U.S.C. § 2255, to vacate his sentence. For the reasons set forth below, the court denies the petition.

### Background

Specifically, the jury found petitioner guilty of the following crimes: conspiring to injure or impede a federal officer (18 U.S.C. § 372); individually assaulting federal officers (18 U.S.C. § 111 and 1114); carrying a firearm in the course of a felony (18 U.S.C. § 924(c)(2) (amended 1984)); three counts of possessing an unregistered firearm (26 U.S.C. § 5861(d)); and being a felon in possession of a firearm (18 U.S.C. App. § 1202(a)(1)).

On March 27, 1985, this court sentenced petitioner to serve twenty six years in prison. Petitioner appealed his conviction and sentence *pro se*, and the United States Court of Appeals for the Eighth Circuit affirmed. *See United States v. Schmitt*, 784 F.2d 880 (8th Cir.1986).

Petitioner was also convicted in Crim. 6–84–125 of conspiring to rob a bank and take hostages in violation of 18 U.S.C. § 371. On this conviction, the court sentenced petitioner to serve five years in prison. Petitioner was to serve this sentence

concurrently with the sentence in Crim. 6–84–124.

### Discussion

Petitioner argues essentially that he was indicted on multiplicious counts in Crim. 6–84–124 and 6–84–125, resulting in convictions and sentences in violation of the Fifth Amendment's Double Jeopardy Clause. Petitioner asserts that each of the crimes of which he was convicted constituted a single step in an overall criminal enterprise. Petitioner also contends that the court and standby counsel denied petitioner due process of law by not informing him of the multiplicious character of the indictments. Petitioner does not specify those counts which are multiplicious, nor does petitioner identify the nature or purpose of the overall criminal enterprise.

The government responds (1) that petitioner's claims should be dismissed because petitioner did not raise these arguments on direct appeal, and (2) that the indictments at issue are not multiplicious. The court assumes, without deciding, that it may properly confront the merits of petitioner's claims. Thus, the government's first contention will not be addressed.

■■■ The Fifth Amendment's Double Jeopardy Clause proscribes multiple punishments for the same offense. *Ohio v. Johnson,* 467 U.S. 493, 498, 104 S.Ct. 2536, 2540, 81 L.Ed.2d 425 (1984). This component of double jeopardy—protection against cumulative punishments—

> ... is designed to ensure that the sentencing discretion of courts is confined to the limits established by the legislature. Because the substantive power to prescribe crimes and determine punishments is vested with the legislature ... the question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of legislative intent.

*Id.,* 467 U.S. at 499, 104 S.Ct. at 2540–2541 (citations omitted). In determining whether Congress intended that similar criminal conduct be separately charged and punished, courts must determine whether each offense requires proof of a fact which the other offenses do not. *See Blockburger v.*

*United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932); *Ball v. United States,* 470 U.S. 856, 861, 105 S.Ct. 1668, 1671, 84 L.Ed.2d 740 (1985). In particular, "where Congress 'specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the same conduct under *Blockburger,* the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial.'" *United States v. Doffin,* 791 F.2d 118, 120–21 (8th Cir.1986); *cert. denied,* 479 U.S. 861, 107 S.Ct. 210, 93 L.Ed.2d 140 (1986); *quoting Missouri v. Hunter,* 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983).

■■■ Here, petitioner has not suffered multiple punishments for the same offense; the indictment was not multiplicious. The court first analyzes the indictment and conviction in Crim. 6–84–124. With respect to counts I and II, each of these requires proof of a fact which the other does not. Specifically, Count I required proof of a conspiracy to impede federal officers. Count II did not require proof of a conspiracy, but rather charged petitioner individually with assaulting, intimidating, and interfering with federal agents. "[A] conspiracy to commit a substantive offense and the commission of the substantive offense itself are separate and distinct offenses." *United States v. Bloch,* 696 F.2d 1213, 1215 (9th Cir.1982); *citing Pinkerton v. United States,* 328 U.S. 640, 643, 66 S.Ct. 1180, 1181, 90 L.Ed. 1489 (1946).

■■■ Count III charged petitioner with carrying a firearm, a wallet derringer, during the commission of a felony (specifically, the felony of assaulting federal officers charged in Count II). On October 12, 1984, Congress amended 18 U.S.C. § 924(c) to provide that a person convicted of carrying a firearm during a crime of violence, regardless of whether the crime of violence included an enhanced punishment for the use of a weapon, would be sentenced to five years in addition to the sentence imposed for the underlying felony. *See* Pub.L. 98–473, Title II, Ch. X, § 1005(a), Oct. 12, 1984; 98 Stat. 2138. Petitioner was properly subject to the five-year man-

datory sentence in addition to the three-year sentence he received in Count II. *See Doffin*, 791 F.2d at 120–21.

 Counts IV through VII are likewise not multiplicious. 26 U.S.C. § 5861 specifically provides that a person may be separately prosecuted for each unregistered firearm in his possession. *United States v. Nichols*, 731 F.2d 545, 546 (8th Cir.1984); *cert. denied* 469 U.S. 1085, 105 S.Ct. 589, 83 L.Ed.2d 699 (1984). Count VIII charged petitioner with violating 18 U.S.C.App. § 1202(a)(1) (felon in possession of firearm). Again, this charge requires proof of facts which the other charges do not. Specifically, petitioner was charged with possessing a nine millimeter pistol. This weapon was not the subject of any other counts for which petitioner was convicted. The government likewise had to prove that petitioner had previously been convicted of a felony. In view of these distinct elements, petitioner's sentence and conviction were not multiplicious.

In Crim. 6–84–125, petitioner was charged with conspiracy to commit bank robbery with the taking of hostages (in violation of 18 U.S.C. § 2113(a) & (e)) in violation of 18 U.S.C. § 371. This charge clearly requires proof of different elements than the other counts under which petitioner was convicted and sentenced.

 Finally, the court rejects petitioner's due process argument. At trial of this matter, the court appointed standby legal counsel to assist petitioner, and petitioner refused to rely upon the assistance of this legal counsel, preferring to proceed *pro se*. Petitioner made a knowing and intelligent waiver of counsel. *Schmitt*, 784 F.2d at 882.

### Conclusion

Based upon all the files and briefs,

IT IS ORDERED that:

Petitioner Wilhelm Ernst Schmitt's motion under 28 U.S.C. § 2255 to have his sentence vacated is DENIED.