968 F.2d 22
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Edward G. NOVOTNY, Defendant-Appellant.
 No. 91-1279.
 United States Court of Appeals, Tenth Circuit.
 June 5, 1992.
 
 Before JOHN P. MOORE, TACHA, and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Following a trial to the court, Defendant, appearing pro se, was convicted of removing timber from the San Juan National Forest without authorization, in violation of 36 C.F.R. § 261.6(h), promulgated pursuant to 16 U.S.C. § 551. After a hearing, the district court sentenced Defendant to three months' imprisonment and a fine of $2,500. We exercise jurisdiction under 28 U.S.C. § 1291, and affirm.
 
 
 3
 Colorado State Patrol Trooper Steven Nowlin observed Defendant hauling a trailer load of aspen logs in the San Juan National Forest. Trooper Nowlin stopped Defendant because the lights on his trailer were not working properly. During the stop, Defendant said that he had acquired the aspen logs from the Salter Y area of the San Juan National Forest, and that he did not have a permit authorizing him to remove them from the forest. After Trooper Nowlin informed Defendant that he would advise the Forest Service that Defendant had removed wood from the forest without a permit, Defendant went on his way. A few days later, Trooper Nowlin accompanied Tracey Morse, a law enforcement officer for the Forest Service, to Defendant's residence where she served on Defendant a violation notice for removing wood from the forest without a permit. During that conversation, Defendant again said that he had taken the wood from the forest.
 
 
 4
 On appeal, Defendant requests reversal of his conviction and sentence on the following grounds: (1) the district court was without personal and subject matter jurisdiction over him, in part because, as a "free citizen," he is not required to abide by 36 C.F.R. § 261.6(h); (2) the law enforcement officers failed to advise him of his Miranda rights; (3) there existed no probable cause for the charges against him because hearsay statements formed the basis of the charges; (4) he was not required to abide by 36 C.F.R. § 261.6(h) because the Code of Federal Regulations is not law and because this case did not involve any injured party, contract, or commerce; (5) 36 C.F.R. § 261.6(h) was not published in the Federal Register so Defendant had no notice that he could violate § 261.6(h); (6) he was denied his right to a jury trial; (7) he was denied his right to counsel; (8) various evidentiary rulings by the district court during trial were erroneous, and the trial court entered a not guilty plea for Defendant over his objection; (9) the evidence was insufficient to sustain the conviction; (10) the district court interrupted Defendant's allocution at the sentencing hearing; (11) the sentence is excessive; and (12) the fine is unauthorized.
 
 1. Jurisdiction
 
 5
 Defendant contends that the district court was without personal and subject matter jurisdiction. We review de novo the question of the district court's jurisdiction. United States v. Visman, 919 F.2d 1390, 1392 (9th Cir.1990), cert. denied, 112 S.Ct. 442 (1991); see also United States v. Young, 952 F.2d 1252, 1255 (10th Cir.1991) (we review de novo whether defendant's conduct is prohibited by a federal statute).
 
 
 6
 Subject matter jurisdiction over Defendant is conferred by 16 U.S.C. § 551 (violators of regulations promulgated pursuant to § 551 are subject to criminal sanctions) and 18 U.S.C. § 3231 (federal district courts shall have original jurisdiction of all offenses against the laws of the United States). Accord United States v. Langley, 587 F.Supp. 1258, 1265 (E.D.Cal.1984) (Forest Service regulations may be enforced in federal court).
 
 
 7
 The basis for Defendant's contention that the district court lacked personal jurisdiction is not clear. Defendant's assertion that because he is a "free citizen," he is not required to abide by 36 C.F.R. § 261.6(h), has been rejected as "entirely frivolous." See United States v. Schmitt, 784 F.2d 880, 882 (8th Cir.1986). "In light of the fact that [Defendant was charged by an Information with violating 16 U.S.C. § 551 authorizing 36 C.F.R. § 261.6(h) ], appeared before the district court, and has offered this court no support for his lack-of-personal-jurisdiction contention, we find his argument frivolous." United States v. Masat, 948 F.2d 923, 934 (5th Cir.1991), petition for cert. filed, No. 91-8108 (U.S. April 3, 1992). Defendant was subject to the restrictions imposed by 36 C.F.R. § 261.6(h). We therefore hold that the district court had personal and subject matter jurisdiction.
 
 2. Requirement of Miranda Advisement
 
 8
 Defendant asserts that Trooper Nowlin was required to advise him of his Miranda rights prior to asking him where he got the wood. We review for clear error the district court's conclusion that Defendant was not in custody for purposes of Miranda when he admitted that he had removed the trees from the national forest without a permit. Cordoba v. Hanrahan, 910 F.2d 691, 693 (10th Cir.), cert. denied, 111 S.Ct. 585 (1990). Because a routine traffic stop of a motorist does not constitute custodial interrogation, no Miranda advisement was required. Berkemer v. McCarty, 468 U.S. 420, 441 (1984); Cordoba, 910 F.2d at 693. Therefore, we perceive no clear error in the district court's refusal to grant relief based on a lack of Miranda warnings.
 
 3. Probable Cause for Filing Charges
 
 9
 Defendant next argues that because the violation notice served by Officer Morse was based on information told her by Trooper Nowlin, there existed no probable cause for bringing the charges. "Under the 'fellow officer' rule, 'probable cause is to be determined by the courts on the basis of the collective information of the police involved in the arrest, rather than exclusively on the extent of the knowledge of the particular officer who may actually make the arrest.' " Karr v. Smith, 774 F.2d 1029, 1031 (10th Cir.1985) (quoting United States v. Troutman, 458 F.2d 217, 220 (10th Cir.1972)). Furthermore, by its verdict of guilty, the district court established not only that there was probable cause to bring the charges against Defendant, but that he was in fact guilty as charged beyond a reasonable doubt. United States v. Mechanik, 475 U.S. 66, 70 (1986). Thus, no error resulted from Officer Morse's reliance on information conveyed by Trooper Nowlin.
 
 
 10
 4. Enforcement of the Code of Federal Regulations
 
 
 11
 Defendant maintains that he was not required to comply with 36 C.F.R. § 261.6(h) because it is a regulation and not a law. He also asserts that he cannot be guilty of violating the regulation because no injured party, contract or commerce was involved.
 
 
 12
 Defendant's argument that he was not required to abide by the regulation is without merit. 16 U.S.C. § 551 "confers upon the forest service the duty to protect the forests from injury and trespass, and the power to condition their use and prohibit unauthorized uses." City & County of Denver ex rel. Bd. of Water Comm'rs v. Bergland, 695 F.2d 465, 476 (10th Cir.1982); see also United States v. Hymans, 463 F.2d 615, 617 (10th Cir.1972) ("The Secretary of Agriculture is empowered by 16 U.S.C. § 551 to make and promulgate rules and regulations concerning the 'occupancy and use' of National Forests.").
 
 
 13
 Likewise, Defendant's claim that he is not culpable due to the absence of an injured party, a contract or commerce is unsupportable. Defendant bases his argument on subsections of 36 C.F.R. § 261.6 other than subsection (h), that refer to timber contracts, e.g., subsections (a), (b), (c), and (e).
 
 
 14
 We apply the plain and ordinary meaning of the regulations unless legislative intent is to the contrary. See United States v. Eves, 932 F.2d 856, 860 (10th Cir.) (plain meaning of statute), cert. denied, 112 S.Ct. 236 (1991). Violation of the plain meaning of 36 C.F.R. § 261.6(h) requires neither a contract nor commerce.
 
 
 15
 We also reject Defendant's argument that he was never confronted with an injured party. See United States v. Amon, 669 F.2d 1351, 1355 (10th Cir.1981) (defendants' argument that court lacked jurisdiction because it was not shown that they intended to or did harm society deemed frivolous and without merit), cert. denied, 459 U.S. 825 (1982). Accordingly, Defendant was subject to the restrictions imposed by 36 C.F.R. § 261.6(h).
 
 5. Publication and Notice of Regulation
 
 16
 Defendant's argument that 36 C.F.R. § 261.6(h) was not published in the Federal Register so he had no prior notice of it is meritless. The applicable regulation was published at 49 Fed.Reg. 25450 (1984).[1] "The statute, [44 U.S.C. § 1507 (formerly 44 U.S.C. § 307) ] makes publication in the Federal Register the basis of the presumption of validity, constructive notice, and judicial notice." United States v. Tijerina, 407 F.2d 349, 354 n. 12 (10th Cir.), cert. denied, 396 U.S. 843 (1969). Therefore, Defendant had the requisite notice of the prohibitions set forth in 36 C.F.R. § 261.6(h) to subject him to penalties for its violation.
 
 6. Right to Jury
 
 17
 Defendant next asserts that he was denied his Sixth Amendment right to be tried by a jury. We review de novo the question of denial of a criminal defendant's right to a jury trial. United States v. Bencheck, 926 F.2d 1512, 1514 (10th Cir.1991). Here, Defendant was not entitled to a jury trial because he (1) was not at risk of serving more than six months' imprisonment,[2] (2) he did not show that any additional penalties he faced were so serious a jury trial was required even though he faced limited jail time, (3) there was no evidence in the record suggesting the government was "corrupt or overzealous" in charging Defendant, and (4) there was no indication that the judge was "compliant, biased, or eccentric." Id. at 1519-20 (quoting Duncan v. Louisiana, 391 U.S. 145, 156 (1968)). Therefore, Defendant's constitutional right to a jury trial was not abridged.
 
 7. Right to Counsel
 
 18
 We have reviewed the record in light of Defendant's allegation that he was denied his right to counsel. The record reveals Defendant's determination to represent himself at trial. Therefore, we find no error. See Faretta v. California, 422 U.S. 806, 836 (1975) (a defendant has the constitutional right to waive his right to counsel and to represent himself at trial).
 
 8. District Court's Rulings During Trial
 
 19
 Defendant complains that various evidentiary rulings at trial were erroneous. "The trial court's ruling on the relevancy of evidence is reviewed for an abuse of discretion." Durtsche v. American Colloid Co., 958 F.2d 1007, 1013 (10th Cir.1992). We have considered Defendant's arguments in light of the record, and we find no abuse of discretion in the district court's evidentiary rulings.
 
 
 20
 Defendant also alleges error in the district court's entry of a plea of not guilty on his behalf upon his refusal to enter his own plea to the charges. No error was committed. "If a defendant refuses to plead, ... the court shall enter a plea of not guilty." Fed.R.Crim.P. 11(a)(1).
 
 9. Sufficiency of the Evidence
 
 21
 Defendant contends that the evidence was insufficient to sustain the conviction. In reviewing the evidence in a criminal case for sufficiency, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); accord United States v. Young, 954 F.2d 614, 618 (10th Cir.1992).
 
 
 22
 The elements of the crime of removing timber from a national forest without authorization are (1) removal of any timber, tree, or other forest product, (2) without authorization by a special-use authorization, a timber sale contract, or Federal law or regulation. 36 C.F.R. § 261.6(h). Defendant has admitted that he took the aspen logs from the Salter Y area of the San Juan National Forest.[3] Trooper Nowlin testified that Defendant did not have a permit for the logs. R.Supplemental Vol. IV, 43-44. Government witness John Welch established that the Salter Y area is on national forest land owned by the federal government. Id. at 96, 100-101.
 
 
 23
 Defendant claims that he was authorized by 16 U.S.C. §§ 477 and 480 to remove the logs from the national forest. Section 480, relating to civil and criminal jurisdiction, is inapposite. Section 477 states, "The Secretary of Agriculture may permit, under regulations to be prescribed by him, the use of timber and stone found upon national forests...." (Emphasis added.) Nothing in either section authorizes Defendant to remove timber, trees, or other forest product without a permit or other authorization. Defendant relies heavily on United States v. United Verde Copper Co., 196 U.S. 207 (1905), to support his argument that he was entitled to remove timber from the national forest without a permit. In that case, the Court held that the Secretary of the Interior could not promulgate regulations ignoring language of the authorizing statute. Id. at 215-16. Here, Defendant does not allege that the applicable regulation disregards statutory dictates.
 
 
 24
 We determine that the evidence was sufficient for a rational trier of fact to find that Defendant removed timber, trees, or other forest products from the San Juan National Forest without authorization. Consequently, we conclude that the evidence was sufficient to sustain the conviction.
 
 10. Allocution
 
 25
 Defendant claims that his right of allocution was abridged because the district court interrupted his statement at the sentencing hearing. "Although the defendant has a right of allocution at sentencing, that right is not unlimited." United States v. Kellogg, 955 F.2d 1244, 1250 (9th Cir.1992). Defendant did address the court at sentencing. He attempted to reargue the merits of his trial defense. R.Supplemental Vol. V, 137-38. The district court told Defendant that those arguments had previously been raised and rejected, and directed him to move along. Id. at 139. Defendant then concluded his allocution. Id. Under the circumstances, Defendant's right of allocution was not curtailed.
 
 11. Sentence to Incarceration
 
 26
 Defendant claims that his sentence of three months' imprisonment is excessive. "[A] sentence within the statutory limits is invulnerable to attack on appellate review." United States v. McElreath, 412 F.2d 847, 847 (10th Cir.1969); accord United States v. Brown, 784 F.2d 1033, 1039 (10th Cir.1986). Because Defendant's sentence is within the statutorily prescribed maximum of six months, 16 U.S.C. § 551, we will not disturb it.
 
 12. Fine
 
 27
 Defendant also contends that the $2,500 fine imposed by the district court is not authorized by law. Defendant contends that the maximum fine is $500, pursuant to 16 U.S.C. § 551. 18 U.S.C. § 3571(b), however, raises the maximum fine for violations of 16 U.S.C. § 551 to $5,000. See United States v. LaValley, 957 F.2d 1309, 1313 (6th Cir.1992) (although 18 U.S.C. § 1382 states maximum fine of $500, 18 U.S.C. § 3571 raises ceiling on the fine to $5,000). Defendant's fine of $2,500 was within the statutory limits, and therefore is not subject to attack on appellate review. United States v. Alfonso, 738 F.2d 369, 373 (10th Cir.1984).
 
 13. Other Claims
 
 28
 Defendant asserts additional grounds for relief. The following conclusory claims have not been developed adequately by factual allegation or legal argument and are rejected without discussion. See Worthen v. Meachum, 842 F.2d 1179, app. at 1185 (10th Cir.1988). (1) There existed a conspiracy among the two law enforcement officers, the prosecutor, and the district judge; (2) the two law officers committed perjury; (3) the charges were brought in bad faith or for malicious reasons; (4) the U.S. Constitution is a contract sworn to be upheld by the judge and the law enforcement officers; (5) the government failed to disclose exculpatory evidence and denied meaningful discovery; (6) the district judge, prosecutor, and law officers were foreign agents required to register as foreign agents; and (7) Forest Service permits are an unauthorized tax.
 
 
 29
 Defendant's Request for Sanctions is DENIED.
 
 
 30
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 31
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The citation to the Federal Register is referenced immediately following 36 C.F.R. § 261.6(h)
 
 
 [2]
 Pursuant to 16 U.S.C. § 551, the maximum prison term for violating 36 C.F.R. § 261.6(h) is six months
 
 
 [3]
 Defendant argues that because there are no trees evident in the photographs of the Salter Y area, he could not have removed the aspen logs from there. Testimony at trial established that although the area next to the intersection of the roads at Salter Y is devoid of timber, the Salter Y designation applies to the general area around the intersection which is populated by pine, aspen, and coniferous trees, both standing and down. R. Supplemental Vol. IV, 86-88