The **FARM CREDIT BANK OF WICHITA,** Wichita, Kansas; The Federal Land Bank Association of Anadarko; Donald P. Ferguson; and Keith W. Heck, Appellees,

v.

**John C. POWERS, Appellant.**

No. 87074.

Court of Appeals of Oklahoma, Division No. 1.

May 17, 1996.

John C. Powers, Carnegie, pro se.

Donald F. Ferguson, Chickasha, for Appellees.

1. Appellant is identified in the record alternatively as "John C. Powers" or "John Cleveland Powers." In his petition in error, he identifies himself as "The Sovereign John Cleveland: Powers a

### MEMORANDUM OPINION

CARL B. JONES, Presiding Judge:

In April, 1995, Appellant John C. Powers[1] lost his property in Caddo County by sheriff's sale in foreclosure proceedings commenced by Appellee Farm Credit Bank of Wichita [FCB], successor-in-interest to Federal Land Bank of Wichita [FLB]. Appellee attorneys Ferguson and Heck represented FCB in the foreclosure proceedings. The trial court confirmed the sale and a sheriff's deed was issued to FCB.

Two months later, Appellant served a so-called "praecipe" upon various persons and governmental entities, including Appellees, the United States of America, Caddo County, the county sheriff, treasurer, commissioners, and the district attorney, issued by "Our One Supreme Court," purporting to command those parties to appear and "place into evidence ... their Lawful Venue, if any ... to commence or prosecute any action against John C. Powers, involving collusion, forcible entry, unlawful detainer, libel and slander pertaining to any and *all* private absolute property, right or remedies in relation to Special Character of the party, John C. Powers." Shortly thereafter, Appellant caused to be published a "Notice of Quiet Title Action and Judgment" in the newspaper of general circulation in Caddo County seeming to memorialize the verdict and judgment of a "12–Man Jury of Peers" quieting title in the same property to Appellant, based in part on an earlier "finding of facts" by the peer jury reciting that Appellant was born to "Free parents" and so is

> of Freeman Character, a "state", and One of the United States, and he is not a Federal Emergency citizen of the U.S. nor a resident of the State of Oklahoma, and is not subject to cestui que use, as a Federal Emergency citizen of the U.S. or any of "its" subdivisions, statutes, rules, regulations, tribunals, unrevealed benefits, contracts, agreements, presumptions, or silent Judicial Notice, whatsoever, with prejudice statutes.

(state) in fact of Freeman Character." We shall employ the first of these names in this opinion, which shall be understood to include the others.

Appellees commenced the present action in the trial court alleging that Appellant's continued assertion of ownership of the property would cause FCB irreparable injury. Appellees requested permanent injunctive relief to prevent Appellant from asserting any contrary right, title, or interest in the subject property or any right to a claim against them. Appellees also requested damages for actions they characterized as malicious, fraudulent, and in reckless disregard of their rights.

Appellant responded to Appellees' petition by filing a "Refusal for Cause without Dishonor," questioning the jurisdiction of the trial court to consider Appellees' suit, and asserting,

Wrongful works taken in/by this De facto tribunal (inferior court) of incompetent jurisdiction, has tread upon the (people) John C. Powers, a state in fact of freeman character, in such a way as Libiercide [*sic*], treason, treason-felony, threat duress, coercion, and deception of the truth "of the" Supreme Law of the land", and to include the dissemination, of the Supreme Law of the land, and the "people" in it, oppressively.

Appellant attached to this response copies of all of the process in Appellees' suit, across each page of which he wrote "Refused For Cause Without Dishonor." Appellant also filed a "Notice of Removal for Cause Without Dishonor" again advising the trial court that it lacked "Lawful Venue ... and Original Jurisdiction to continue or commence prosecution against One of the United States, (John C. Powers) under the 11th Amendment, in relation to the Special Character of the party, John C. Powers," and a "Judicial Notice" that the Appellees' suit had been "removed into a superior court, Our One Supreme Court, as per Title 18 of the Enabling Act, a court of last resort, the entire case, to include all inferior judgments, acts, or actions granted by the DISTRICT COURT OF CADDO COUNTY."

Appellees moved for summary judgment, reciting these and other submissions by Appellant. Appellees gave notice of hearing of their motion to Appellant, but he failed to filed a response to the motion and failed to appear at the hearing. The trial court issued a permanent injunction prohibiting Appellant or anyone on his behalf from (1) making or asserting any claim to the subject property or any claim against any of the Appellees or their officers, directors, agents, or employees; (2) filing or asserting any judicial, administrative, or other processes or proceedings in any alleged but unrecognized or nonexistent court, tribunal, or agency; or (3) filing any pleadings or documents in any public office without prior specific written approval of the court; and the court also awarded damages to Appellees for the attorney fees and costs they had incurred and to compensate them for the harm caused by Appellant's wrongful conduct.

In his petition in error, Appellant alleged the following issues and errors: "[1.] Bar Association members oath to uphold their oath to uphold the Constitution for the United States of America, and [2.] common law." Neither of these asserted points of error bear any rational connection to the proceedings below. However, while the Court is cognizant that parties acting pro se should not be treated any differently than those represented by counsel,[2] we acknowledge that this case has been submitted under the accelerated docket, Rule 1.203, and so we must proceed to consider the correctness of summary judgment entered below.

■ The Appellees' motion for summary judgment was supported by affidavits from an employee of Appellee Federal Land Bank Association of Anadarko, the attorney-in-fact for FCB, and from Appellee Heck regarding the various filings by Appellant. The Court finds that those affidavits and the attached exhibits establish the material facts asserted in the motion, and support the Appellees' claim for injunctive relief. Appellant did not file a response to the motion, though he was personally served with a copy of it and the related notice of hearing. Appellant also failed to appear for the motion hearing. The trial court therefore properly entered judgment in favor of Appellees. Rule 13(e),

---

**2.** *See Funnell v. Jones,* 737 P.2d 105, 107 (Okla. 1985).

Rules for District Courts, 12 O.S.Supp.1993, Ch. 2, App.

■ Appellant's contention that he was not subject to the jurisdiction of the district court in the foreclosure proceedings or in this action because of his "Freeman Character" is *patently without merit. Accord, United States v. Masat,* 948 F.2d 923, 934 (5th Cir.1991), *cert. denied,* 506 U.S. 835, 113 S.Ct. 108, 121 L.Ed.2d 66 (1992); *United States v. Schmitt,* 784 F.2d 880, 882 (8th Cir.1986), *habeas corpus proceeding,* 752 F.Supp. 306 (D.Minn.1990), *aff'd,* 938 F.2d 189 (8th Cir.), *cert. denied,* 502 U.S. 985, 112 S.Ct. 592, 116 L.Ed.2d 616 (1991); *United States v. Greenstreet,* 912 F.Supp. 224, 228–29 (N.D.Tex.1996); *Scotka v. State,* 856 S.W.2d 790, 792 (Tex.Ct.App.1993).

The judgment is affirmed.

AFFIRMED.

GARRETT and JOPLIN, JJ., concur.