**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 28, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LANDON M. ANGLIN; ROBBIN L.
BUNYARD; JOHN PAUL JONES,

Defendants - Appellants.

Nos. 05-7070, 05-7071
and 05-7073

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA
(D.C. Nos. 04-CR-118-WH; CR-04-116-WH; 04-CR-117-WH)

---

Submitted on the briefs:[*]
Landon M. Anglin, Pro Se.

Robbin L. Bunyard, Pro Se.

John Paul Jones, Pro Se.

Dennis A. Fries, Assistant United States Attorney, Sheldon J. Sperling, United
States Attorney, Muskogee, Oklahoma, for Plaintiff - Appellee.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause therefore
is ordered submitted without oral argument.

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

**KELLY**, Circuit Judge.

Defendants-Appellants Landon M. Anglin, Robbin L. Bunyard, and John Paul Jones (collectively "Defendants"), appearing pro se, appeal from the district court's affirmance of the judgments in their consolidated petty offense trial before a magistrate judge. Defendants were convicted of cutting and removing a forest product (ginseng) from the Ouachita National Forest without authorization in violation of 36 C.F.R. § 261.6(h), and fined $250.00 each. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

Defendants first contend that the United States Forest Service ("USFS") lacked jurisdictional authority because they were stopped and presented with the notice of violation on non-federal property. This argument is without merit. Federal courts have jurisdiction over all cases arising under the Constitution and laws of the United States. U.S. Const. art. III, § 2, cl. 1. Further, federal district courts have original jurisdiction over all "offenses against the laws of the United States." 18 U.S.C. § 3231. Congress has authorized the Secretary of Agriculture to promulgate rules and regulations related to the occupancy and use of National Forests, and any person charged with violating those regulations may be tried

before a magistrate judge. 16 U.S.C. § 551; 18 U.S.C. § 3401. As such, it is irrelevant where the Defendants were presented with notice of their violation because they were charged with violation of 36 C.F.R. § 261.6(h), a regulation issued pursuant to 16 U.S.C. § 551.[1] Accordingly, the Defendants' first argument fails.

Defendants next contend that the magistrate judge had insufficient evidence for conviction. We review the record for sufficiency of the evidence de novo. United States v. Visinaiz, 428 F.3d 1300, 1306 (10th Cir. 2005). We do so in the light most favorable to the government, and we determine whether a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. Id. (internal quotations and citations omitted). A conviction under 36 C.F.R. § 261.6(h) requires: (1) removal of a forest product; (2) without a permit; (3) from a National Forest. 36 C.F.R. § 261.6(h). USFS Officer Paul Jolivette testified that he observed a red truck parked along the side of the Talimena Drive, which runs through the Ouachita National Forest. The officer testified that he observed the Defendants walking along the forested area, and that they were carrying ginseng probes, buckets, and satchels. Upon approaching the

---

[1]Though we do not rely on unpublished dispositions for precedential value, see 10th Cir. R. 36.3(b), we do note their persuasiveness in this context. See e.g., United States v. Novotny, 1992 WL 121728, at *2, *4 (10th Cir. 1992) (unpublished); United States v. Merry, 2000 WL 714684, at *1 (9th Cir. 2000) (unpublished) (rejecting same argument).

Defendants, the officer determined that the buckets and satchels contained ginseng, a forest product. Defendants admit that they did not have permits for extraction. Nevertheless, they argue that because the officer did not actually observe them digging the ginseng up while in the National Forest, they cannot be found guilty of violation 36 C.F.R. § 261.6(h). This argument lacks merit. The government's evidence – direct and circumstantial – was clearly sufficient to support the verdict. Although the Defendants argue that the officer lied (at least concerning the statement of probable cause), this involves a credibility dispute that upon appellate review is resolved in favor of the government.

The Defendants argue that the officer was required to advise them of their rights under Miranda v. Arizona, 384 U.S. 436 (1966), prior to asking what they were carrying or searching their persons, buckets, and satchels. The government admits that no Miranda warnings were given by the officer at the scene, but that is of no matter as a reasonable person in the Defendants position would not have believed he was in police custody or subject to a formal arrest. See United States v. Unser, 165 F.3d 755, 766 (10th Cir. 1999). Accordingly, Defendants were not in custody for Miranda purposes when the USFS officer approached them, and thus no warnings were required. It is of no moment that the officer testified at trial that the Defendants were under arrest and not free to leave. Trial Tr. at 23. Whether someone is in custody is an objective determination based upon what a

reasonable person would sense. <u>United States v. Rogers</u>, 391 F.3d 1165, 1170 (10th Cir. 2004). The district court's determination that the stop, detention and investigation of the Defendants did not violate their constitutional rights is amply supported by the record.

AFFIRMED.