Marlin COLE, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–88–00391–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 28, 1988.

D. Brooks Cofer, Bryan, for appellant.

Bill R. Turner, Dist. Atty., Brazos County, for appellee.

Before WARREN, DUGGAN and LEVY, JJ.

ORDER

PER CURIAM.

Appellant Marlin Cole has filed a motion to transfer[1] his case to the Tenth Judicial District in Waco. He complains of the action of the district clerk in forwarding the notice of appeal to this Court after he had designated the Tenth Court of Appeals on his notice of appeal filed in the 272nd District Court of Brazos County.

Brazos County stands in the unique position of being the only county in Texas that is included within three appellate districts. The First, Tenth, and Fourteenth District Courts of Appeals all have jurisdiction over appeals from Brazos County. Tex.Gov't Code Ann. sec. 22.201(b), (k) & (o) (Vernon Pamph.1988).

The Government Code provides for a procedure for random selection of all "civil and criminal cases directed to the First and Fourteenth Court of Appeals." Tex.Gov't Code Ann. sec. 22.202(h) (Vernon Pamph. 1988); see also Avis Rent A Car v. Advertising & Policy Comm., 751 S.W.2d 257 (Tex.App.—Houston [1st Dist.], 1988) (motion to transfer). Tex.Gov't Code section 22.202(h) provides:

> The trial clerk shall write the numbers of the two courts of appeals on identical slips of paper and place the slips in a container. When a notice of appeal or appeal bond is filed, the trial court clerk shall draw a number from the container at random, in a public place, and shall assign the case and any companion cases to the court of appeals for the corresponding number drawn.

The Government Code does not expressly address the situation presented in Brazos County.

Appellant argues that his designation of the Tenth District Court of Appeals was binding under Tex.R.App.P. 51(c). Rule 51(c), which pertains to the appellate transcript, states, in part:

> Upon perfection of the appeal, the clerk of the trial court shall prepare under his hand and seal of the court and immedi-

---

1. Motion to transfer is somewhat of a misnomer. The Texas Supreme Court is given the authority to order transfers "from one court of appeals to another at any time that, in the opinion of the supreme court, there is good cause for the transfer." Tex.Gov't Code Ann. sec. 73.001 (Vernon Pamph.1988). The First and Fourteenth Courts are also given authority to transfer cases from one court to another to equalize the dockets. Tex.Gov't Code Ann. sec. 22.202(i) (Vernon Pamph.1988). We are treating the appellant's motion as one asking us to return the appellate file to the clerk of Brazos County.

ately transmit the transcript to the appellate court designated by the appellant.[2]

The "designation" language found in rule 51(c) does not empower the appellant to choose his appellate court. Under appellant's logic, rule 51(c) would give Brazos County appellants, but none other in Texas, the right to "forum shop" by "designating" the appellate court. This is not the intent of rule 51(c), which is concerned with the transmission of the transcript, not the assignment of the appeal.

We find no authority indicating that a Brazos County litigant has a greater right than a litigant from any other Texas county to choose the appellate court that will hear his appeal. Therefore, the motion to transfer is denied.

**2.** Tex.R.App.P. 51(c) is derived from former Tex.R.Civ.P. 376 (Vernon 1985) (since repealed). Rule 376 stated that "upon perfection of an appeal or writ of error ..., the clerk of the trial court shall prepare under his hand and seal of the court and immediately transmit to the appellate court designated by the appealing party a true copy of the proceedings in the trial court...."