Paul W. Kimmell, Marble Falls, for appellant.

Shelburne J. Veselka, McCreary, Veselka, Bragg & Allen, P.C., Austin, for appellee.

Before POWERS, JONES and KIDD, JJ.

### PER CURIAM.

Appellant Paul W. Kimmell perfected this appeal from the district court's rendition of summary judgment in favor of appellee Burnet County Appraisal District in a dispute over ad valorem taxes.[1] While

---

**Paul W. KIMMELL a/k/a Paul W. Kimmell DC, Appellant,**

**v.**

**BURNET COUNTY APPRAISAL DISTRICT, Appellee.**

No. 3–91–482–CV.

Court of Appeals of Texas, Austin.

June 3, 1992.

1. Kimmell contends the district court erred in granting summary judgment because the assigned trial judge allegedly never took his oath of office, Kimmell was not notified of the trial judge's assignment to the cause, and other lawsuits were pending involving the same claims in

the appeal was pending, Kimmell filed a "Petition for Redress of Grievance and Notice of Removal" (appendix A) in the Common Law Court for the Republic of Texas to remove the cause from the Burnet County district court. The appraisal district has received an "Order" (appendix B) and "Notice of Removal" (appendix C) from the Common Law Court for the Republic of Texas removing the cause from the Burnet County district court.[2] The appraisal district filed a motion with this Court to dismiss the appeal for want of prosecution or, in the alternative, for lack of jurisdiction, and requested that we award damages under Texas Rule of Appellate Procedure 84. Kimmell responded by removing the appraisal district's motion to the common-law court. Since that time, Kimmell has filed: (1) a "Petition for Redress of Grievance and Notice of Removal" (appendix D) in the Republic of Texas Common Law Court to remove the cause from this Court; (2) "Notice of Hearing" (appendix E) by the Republic of Texas Common Law Court of a "Common Law Arbitration and Award Hearing" set for May 28, 1992; (3) "Motion to Transfer Proceedings" from the Republic of Texas Common Law Court to the Common Law Court of the United States of America (appendix F); and (4) an order from the Republic of Texas Common Law Court transferring the cause to the Common Law Court of the United States of America (appendix G).

▆ We hold that the Common Law Court for the Republic of Texas, if it ever existed, has ceased to exist since February 16, 1846. Kimmell's actions in filing his "Petition[s] for Redress of Grievance and Notice of Removal" constitute an abandonment of his appeal, and we grant the appraisal district's motion to dismiss for want of prosecution. Further, we determine that Kimmell has taken this appeal for delay and without sufficient cause and, therefore, award the appraisal district ten percent of the damages awarded to it in the district court as damages against Kimmell.

The appeal is dismissed for want of prosecution.

## APPENDIX A
### THE COMMON LAW COURT
### FOR THE REPUBLIC OF TEXAS

| | |
|---|---|
| BURNET COUNTY APPRAISAL DISTRICT, et al. | CASE NO: 92–3029–1 |
| VS | CHANCELLOR: |
| DR. P.W. KIMMELL (Docket # 13,425) Accused. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

the instant cause. Kimmell apparently does not challenge the merits of the district-court summary judgment.

**2.** We are aware that the Republic of Texas adopted the common law of England by statute effective on March 16, 1840. 1840 Repub.Tex.Laws, § 1, at 3, *reprinted in* 2 H.P.N. Gammel, *The Laws of Texas 1822–1897*, at 177, 178 (Austin, Gammel Book Co. 1898) (since repealed and reenacted as Tex.Civ.Prac. & Rem. Code Ann. § 5.001 (1986)); *see* 1840 Repub.Tex.Laws, § 1, at 6–7, *reprinted in* 2 H.P.N. Gammel, *supra*, at 180–81 (since amended and repealed) (laws formerly effective forty days after the adjournment of Texas Congress; Tex. Const. art. III, § 39 now provides that laws are effective ninety days after the adjournment of the legislature). Texas was admitted into the Union on December 29, 1845, by virtue of a joint resolution of the United States Congress. *Calkin v. Cocke*, 55 U.S. (14 How.) 227, 239, 14 L.Ed. 398 (1852); Act approved Dec. 29, 1845, 9 Stat. 108. The state government was not organized until February 16, 1846, and until that time the government and laws of the Republic were in force to the exclusion of the state government. *Newby v. Haltaman*, 43 Tex. 314, 314–15 (1875); *see* Tex. Const. of 1845, art. XIII, §§ 1–2, 6, 10. The Common Law Court of the Republic of Texas, therefore, could only have existed between March 16, 1840, and February 16, 1846. We are confused, however, by the presence of a ZIP code on the common-law court's file mark, because the Post Office Department's Zone Improvement Program only began in the early 1960s as a result of the Postal Policy Act of 1958, P.L. 85–426, 72 Stat. 134.

## 110

## PETITION FOR REDRESS OF GRIEVANCE AND NOTICE OF REMOVAL

TO: THE HONORABLE CHANCELLOR AND COURT CLERK OF THE COMMON LAW COURT OF THE REPUBLIC OF TEXAS:

Comes now accused Kimmell to file this Petition For Redress Of Grievance And Notice of Removal of the above described case now filed in the 33rd Judicial District Court, Burnet Texas, Burnet County Courthouse, (Docket # 13,425) to the Common Law Court for the Republic of Texas and in support of this action, the Court is shown the following:

### I. JURISDICTION

The Court has original jurisdiction and authority under the Constitution for the United States of America, Amendment I, which specifies that the government will make no law abridging the right of the people to petition the government for a redress of grievance and the claim to jurisdictional immunity will be submitted to arbitration, an equity action.

### II. VENUE

The acts alleged herein transpired within the Territory known as Texas; therefore, venue is properly set therein since accused is not a citizen of the State of Texas nor of the United States nor a resident of the State of Texas nor a resident of the United States.

### III. PARTIES

Accused is a Texas Republic national ruled by the common law, therefore a common law citizen living in the territory known as Texas and alien to the State of Texas.

### IV.

Plaintiffs, [Clayton Evans, Robert C. Wright, James R. Meyers, Marble Falls Independent School District, Burnet County Municipal Water District, Burnet County, City of Marble Falls, Stan Hemphill with McCreary, Veleska, Bragg, and Allen, P.C. attorneys], are a corporation established under the Constitution for the United States and bound to the provisions thereof.

### V. NATURE OF THE ACTION

Accused was arrested and jailed by an agent of the Plaintiffs without V. Amendment Due Process of Law and proceeded against by Plaintiffs' attorneys in "clear abuse of Texas Substantive Law", Texas Court Administration Act, 74.053.

### VI. GROUNDS FOR RELIEF (A)

Accused's arrest-incarceration process and subrogation of due course of process has violated the Jurisdictional immunities of the accused.

### VII. GROUNDS FOR RELIEF (B)

The courts of the State of Texas have no common law jurisdiction applied by Plaintiffs' Judicial Court system so there is no administrative remedy, except by common law Equity Arbitration.

### VIII. GROUNDS FOR RELIEF (C)

Accused is entitled to redress of grievances at common law.

WHEREFORE, the Accused petitions this Court for relief and judgement by:
(1) Granting this Petition and Notice Of Removal.
(2) Ordering the claim to jurisdictional immunity to common law equity Arbitration by Notice of this Court's Clerk to the named Plaintiffs herein.
(3) After arbitration, ordering the action for execution on the Arbitration findings Award pertaining to Docket # 13,425 and all related matters thereto.

### VERIFICATION

I declare under the penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct. DATE AFFIRMED: 3/29/92

RESPECTFULLY SUBMITTED,
/s/ Dr. P.W. Kimmell Pro Per

Texas national Dr. P.W. Kimmell
% P.O. Box 1090, Ph. (512) 693–4329
Republic of Texas 78654

APPENDIX B
## THE COMMON LAW COURT
### FOR THE REPUBLIC OF TEXAS

BURNET COUNTY APPRAISAL      CASE NO:
    DISTRICT, et al.           92–3029–1

    VS                 CHANCELLOR:

DR. P.W. KIMMELL, D.C.
(Docket # 13,425) Accused.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### ORDER

Considering the above and foregoing Notice of Removal: IT IS ORDERED that the above mentioned action be removed to this Republic Of Texas Common Law Court.

IT IS FURTHER ORDERED that a true and correct copy of the Record and Docket Sheet of all action filed in the State Court pertaining to Docket # 13,425 be forwarded to this Common Law Court, 1915 Junction Highway, Republic of Texas 78028 as accused Kimmell is proceeding in Forma pauperis without the ability to pay Court Costs and production of Records.

SIGNED ON THIS 29 DAY OF March, 1992, IN THE Territory known as Texas.

                /s/  [Signature]

                CHANCELLOR PRESIDING

---

### APPENDIX C
### DOCKET # 13,425

| | |
|---|---|
| BURNET COUNTY APPRAISAL<br>   DISTRICT, et al.<br>   PLAINTIFFS. | IN THE DISTRICT COURT<br>33RD JUDICIAL DISTRICT<br>BURNET COUNTY, TEXAS |
| vs. | |
| P.W. Kimmell, D.C.<br>   et al. Accused. | NOTICE OF REMOVAL<br>Judicial Notice Requested |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### NOTICE OF REMOVAL

TO THE 33rd. BURNET COUNTY TEXAS DISTRICT CLERK CURINGTON:

The State of Texas and the 33rd. Judicial District Court, Burnet County, Texas are hereby Noticed that the above referenced actions have been removed to the Republic of Texas Common Law Court, Docket # 92–3029–1, for the purposes of (1) submitting a claim of jurisdictional immunity to arbitration, (2) obtaining a common law Equity Arbitration and Award, and (3) presenting finding of same for execution on the findings of Arbitration.

In support of this notice the 33rd Judicial District Court, Burnet County, Texas and Court Clerk Modena Curington are shown the following and Requested to take Judicial Notice:

I.

Accused Kimmell is a common law citizen with immunities and therefore exempt from prosecution by State of Texas Court proceeding without a common law jury trial.

II.

That accused Kimmell is proceeding in Forma paupauis.

III.

Accused Kimmell has removed the action in Docket No. 13,425 to the Republic of Texas Common Law Court under the above stated provisions of      Law.

#### IV.

Copies of said removal action are attached hereto.

WHEREFORE, by the authority cited herein, the accused tenders Notice of Removal and the Republic of Texas common law Court issuance of ORDERS that one (1) copy of the entire Record and Docket Sheet of the action pertaining to Docket # 13,425 be sent to the Republic of Texas Common Law Court, 1915 Junction Highway, Republic of Texas 78028 and to temporarily stay the action of the State of Texas, 33rd. Judicial District Court, Burnet County, Texas for proper jurisdictional determinations.

Filed on the 29th day of March, 1992, with certified copy of same sent to State of Texas District Court Clerk Modena Curington, Burnet County Courthouse, Burnet, Texas 78611 by U.S. Certified Return Receipt Requested Mail # P397238912 and Attorney Shelburne J. Veselka for Plaintiffs of McCreary, Veleska, Bragg, and Allen, P.C. Law Firm, P.O. Box 26990, Austin, Texas 78755–0990 by Certified Mail Receipt # P397238913.

By: _____

%    Republic of Texas Court Clerk
     1915 Junction Highway
     Republic of Texas 78028

/s/   P.W. Kimmell Pro Per. _____

For:  P.W. Kimmell, D.C. et al.
C/O  P.O. Box 1090, 512–693–4329
     Republic of Texas 78654

---

APPENDIX D
REPUBLIC OF TEXAS
COMMON LAW COURT

BURNET COUNTY APPRAISAL DISTRICT, et al.       CASE NO: 92–3029–1

VS                         CHANCELLOR:

DR. P.W. KIMMELL, ACCUSED
(In Re. Case # 03–91–00482–CV).
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PETITION FOR REDRESS OF GRIEVANCE AND
MOTION FOR REMOVAL

TO THE HONORABLE CHANCELLOR AND COURT CLERK OF THE REPUBLIC OF TEXAS COMMON LAW COURT:

COMES NOW accused Kimmell to file this Petition For Redress Of Grievance And Motion For Removal of the above described case now filed in the Third Court of Appeals, Austin, Texas, (Case No. 03–91–00482–CV) in the action of Appellees Motion To Dismiss to the Republic of Texas Common Law Court and in support of this action, the Court is shown the following:

#### I. JURISDICTION

The Court has original jurisdiction and authority under the Constitution for the United States of America, Amendment I, which specifies that the government will make no law abridging the right of the people to petition the government for a redress of grievance and the claim to jurisdictional immunity will be submitted to arbitration, an equity action.

#### II. VENUE

The acts alleged herein transpired within the Territory known as Texas; therefore, venue is properly set therein since accused is not a citizen of the State of Texas nor of the United States nor a resident of the State of Texas nor a resident of the United States.

#### III. PARTIES

Accused is a Texas Republic national ruled by the common law, therefore a common law citizen living in the territory known as Texas and alien to the State of Texas.

## IV.

Plaintiffs/Appellees Clayton Evans, Robert C. Wright, James R. Meyers, Marble Falls Independent School District, Burnet County Municipal Water District, Burnet County, City of Marble Falls, Stan Hemphill with McCreary, Veleska, Bragg and Allen, P.C. attorneys are a corporation established under the Constitution for the United States and bound to the provisions thereof.

## V. NATURE OF THE ACTION

Accused was arrested and jailed by an agent of the Plaintiffs/Appellees without V. Amendment Due Process of Law and proceeded against by Plaintiffs's attorneys in "clear abuse of Texas Substantive Law" Texas Court Administrative Act, 74.053.

## VI. GROUNDS FOR RELIEF (A)

Accused's arrest-incarceration process and subrogation of due course of process has violated the Jurisdictional immunities of the accused.

## VII. GROUNDS FOR RELIEF (B)

The courts of the State of Texas have no common law jurisdiction applied by Plaintiffs' Judicial Court System so there is no administrative remedy, except by common law Equity Arbitration.

## VIII. GROUNDS FOR RELIEF (C)

Accused is entitled to redress of grievances at common law. WHEREFORE, the Accused petitions this Court for relief and judgment by:
(1) Granting this Petition and Motion For Removal.
(2) Ordering the claim to jurisdictional immunity to common law Arbitration by Notice of this Court's Clerk to the named Plaintiffs herein.
(3) After Arbitration, ordering the action for execution on the Arbitration findings Award pertaining to Case No. 03–91–00482–CV and all related matters thereto.

## VERIFICATION

I declare under the penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct. Dated May 7, 1992

RESPECTFULLY SUBMITTED,
/s/ Dr. P.W. Kimmell Pro Per

Texas national Dr. P.W. Kimmell
% P.O. Box 1090, Ph. (512) 693–4329
Republic of Texas 78654

## CERTIFICATE OF SERVICE

I, Paul W. Kimmell, Certify that a true and correct copy of Petition For Redress of Grievances and Motion For Removal and Notice of Hearing from the Republic of Texas Common Law Court Clerk Gary Fiscus were sent post paid to Appellees' Attorneys McCreary, Veleska, Bragg, and Allen P.C., Third Court of Appeals Chief Justice and Associated Justices through Clerk of Court W. Kenneth Law and Judges Clayton Evans, Robert C. Wright, and James R. Meyers through their Clerk of Court Modena Curington by U.S. Certified Return Receipt Requested Mail,

# P 428 830 360 To Third Court of Appeals Chief Justice and Associate Justices, P.O. Box 12547 Austin, Texas 78711;

# P 428 830 361 To 33rd Judicial District Court Judges Clayton Evans, Robert C. Wright, and James R. Meyers, Burnet County Courthouse, Burnet County, Texas 78611;

# P 428 830 362 To Attorneys Mc Creary, Veleska, Bragg and Allen, P.C., P.O. Box 26990, Austin, Texas 78755;

# P 428 830 363 To Arbitrator Richard Fuselier, 3616 Ambassador Caffery Parkway, Suite A Box 31, Republic of Louisiana, 70503 on the 8th. day of May, 1992.

Dr. P.W. Kimmell Pro Per

APPENDIX E
REPUBLIC OF TEXAS
COMMON LAW COURT

BURNET COUNTY APPRAISAL       CASE NO: 92–3029–1
    DISTRICT, et al.

    VS                             CHANCELLOR:

DR. P.W. KIMMELL, ACCUSED
(In Re. Case # 03–91–00482–CV).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### NOTICE OF HEARING

Accused Dr. P.W. Kimmell has Removed Case # 03–91–00482–CV to this Court for a Hearing set certain on the 28th. day of May, 1992, on Appellee's Motion To Dismiss (Sanctions) in Burnet County Appraisal District, et al. v. Dr. P.W. Kimmell, Case No. 03–91–00482–CV.

Attorneys McCreary, Veleska, Bragg & Allen, P.C. for Burnet County Appraisal District, et al., Third Court Of Appeals Chief Justice and Associate Justices, Austin, Texas, the Burnet County Texas 33rd. Judicial District Court Judges Clayton Evans, Robert C. Wright, and James R. Meyers and Arbitrator Richard Fuselier for accused Dr. P.W. Kimmell are hereby Noticed that Common Law Arbitration and Award Hearing is set certain for May 28, 1992, 1702 Commerce St., City of Marble Falls, Burnet County, Texas, at 2:00 O'Clock P.M. in the Republic of Texas Common Law Court, Burnet County, Texas.

The herein named parties of interest intent to make personal appearance at this Noticed scheduled Hearing should notify, in writing, Arbitrator Richard Fuselier for Dr. P.W. Kimmell, at 3613 Ambassador Caffery Parkway, Suite A Box 31, Republic of Louisiana 70503 no later than May 15, 1992 for possible mediation and settlement relief as well as other legal matters that could be had without a Common Law Jury Trial on un-resolved disputes.

Court Clerk     <u>Gary Fiscus</u>

                1915 Junction Highway
                Republic of Texas 78028

Date Signed:     <u>5–7–92</u>

---

APPENDIX F
REPUBLIC OF TEXAS
COMMON LAW COURT

BURNET COUNTY APPRAISAL       CASE NO. 92–3029–1
    DISTRICT, et al.

    VERSUS

DR. P.W. KIMMELL

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MOTION TO TRANSFER PROCEEDINGS

Comes now Arbitrator to file this motion and in support of the Court is shown the following:

I.

The Common Law Court of the Republic of Louisiana is merging with other Common Law Courts to form the Common Law Court of the United States of America.

II.

A rule book containing rules of procedure, forms, and other information will be printed.

III.

The Common Law Court of the United States of America (hereinafter referred to as the "Court") will give full faith and credit to all decisions of your court.

IV.

The "Court" by providing a wider base of judges, arbitrators, and chancellors will be able to give a judgment that will not be influenced by local friendships and conditions.

V.

This "Court" will also serve as a storage facility for our Common Law decisions.

Wherefore the mover herein moves the Court to order all records, files, and all future filings to be directed to:

Common Law Court
United States of America
Non Domestic Mail
3613 Ambassador Caffery A–31
Lafayette, Louisiana 70503

/s/    Richard Fuselier
_____

Richard Fuselier, Arbitrator

---

APPENDIX G
REPUBLIC OF TEXAS
COMMON LAW COURT

BURNET COUNTY APPRAISAL      CASE NO: 92–3029–1
    DISTRICT, et al.

VERSUS

DR. P.W. KIMMELL
**********************************************************************************

ORDER

Considering the motion filed herein the Court hereby orders all records, files, and all future filings to be directed to:

Common Law Court
United States of America
Non Domestic Mail
3613 Ambassador Caffery A–31
Lafayette, Louisiana 70503

So done and adjudged on this 16th day of May, 1992 at 8:03 PM o'clock in the Republic of Texas.

/s/ [Signature]
_____
JUDGE