**Sherry SCOTKA, Appellant,**

v.

**STATE of Texas, Appellee.**

**Nos. 04–93–00126–CR & 04–93–00127–CR.**

Court of Appeals of Texas,
San Antonio.

May 28, 1993.

Sherry Scotka, pro se.

Ilse D. Bailey, Asst. Kerr County Atty., Kerrville, for appellee.

Before CHAPA, PEEPLES and BIERY, JJ.

### OPINION

CHAPA, Justice.

Appellant was convicted in the Kerr County Court-at-Law for driving without a valid driver's license and failing to show proof of liability insurance. Appellant was fined $350 in each case and has appealed.

The State has filed a motion to dismiss these appeals. Appellant has filed a response in which she requests this court transfer these appeals to a purported "Common Law Court of the United States of America." We deny the State's and appellant's motions.

In support of its motion for dismissal the State points out that appellant has filed various documents with the County Court-at-Law since her convictions: a "notice of writ of error;" a letter to the clerk of the "Common Law Court of the USA;" a petition for writ of habeas corpus to the "Common Law Court of the United States of America," with attached papers; and a "Notice of Appeal" directed to the "Common Law Court for the United States of America," with attached papers.

The State maintains that none of these documents served to perfect an appeal to this court, but that appellant has purported to have appealed these cases to the "Common Law Court for the United States of America" in Lafayette, Louisiana. From the papers filed by appellant, she contends she is a "sovereign body" who is immune from the jurisdiction of the courts of the State of Texas. The State argues that appellant has indicated no intention of appealing the trial court's judgments to this court and that appellant rejects this court's authority and jurisdiction.

The State urges this court to apply the reasoning of the Austin Court of Appeals in *Kimmell v. Burnet County Appraisal District*, 835 S.W.2d 108 (Tex.App.—Austin 1992, no writ). In *Kimmell*, the appellant sought to remove the case to the "Common Law Court for the Republic of Texas." The court of appeals determined that appellant's actions constituted an abandonment of his appeal, and the court dismissed the appeal for want of prosecution. *Id.* at 109. The State asks this court to do the same. The State also asks this court to hold that the "Common Law Court for the United States of America" does not exist.

We hold that this appeal is properly in the Fourth Court of Appeals.

Appeal is perfected in a criminal case by giving timely notice of appeal.... Notice of appeal shall be given in writing filed with the clerk of the trial court. Such notice shall be sufficient if it shows the desire of the defendant to appeal from the judgment or other appealable order.... The clerk of the trial court ... shall immediately send one copy to the clerk of the appropriate court of appeals....

TEX.R.APP.P. 40(b)(1).

■ Once a notice of appeal is filed, the court of appeals has jurisdiction over the case. *Jones v. State*, 796 S.W.2d 183 (Tex.Crim.App.1990). An appellant may not choose the appellate court that will hear the appeal. *Cole v. State*, 755 S.W.2d 226 (Tex.App.—Houston [1st Dist.] 1988, no pet.).

This court has appellate jurisdiction over criminal cases tried in Kerr County. TEX. CONST. art. V, § 6; TEX.GOV'T CODE ANN. § 22.201(e); TEX.CODE CRIM.PROC.ANN. art. 4.03.

■ Appellant filed a notice of appeal. The fact that it stated she was seeking to appeal to another court is of no moment. *Cole v. State*, 755 S.W.2d 226. Appellant perfected her appeal in this court.[1]

The State's motion to dismiss is denied.

■ Turning to appellant's response, appellant provides no persuasive authority in support of her request for a transfer to the "Common Law Court of the United States." Appellant refers, without explanation or argument, to 28 United States Code §§ 1602–1611, 1631. Sections 1602–1611 set out the Foreign Sovereign Immunities Act of 1976, which does not apply to appellant. Section 1631 concerns transfers among federal courts to cure lack of jurisdiction. *See* 28 U.S.C. § 610. This is also inapplicable to appellant's case.

Appellant's response contains a copy of what purports to be a "Common Law Court of the United States of America Default Judgment," which basically attempts to usurp judicial authority. The "Order" attached thereto brazenly professes to dis-

---

1. *Kimmell v. Burnet County Appraisal District*, relied on by the State, does not apply to this criminal case. The Rules of Appellate Procedure do not provide for dismissal in such instances in criminal appeals. TEX.R.APP.P. 59(b), 60(b). When an appellant in a criminal case abandons the appeal, the appellate court may consider the case on the record. TEX.R.APP.P. 74(*l*)(2).

solve all judgments of state and United States courts; to assert the "Common Law Court of the United States of America" has jurisdiction over any action in which a U.S. citizen is a party; and to transfer all actions against citizens of the United States to the alleged "court." Appellant has not shown that such a "court" even exists under the United States Constitution or by act of Congress.

Appellant's core position, that she is somehow beyond the reach of Texas law and Texas courts, has been taken on occasion by other parties. *See, e.g., United States v. Masat,* 948 F.2d 923, 934 (5th Cir.1991) (argument that district court lacked personal jurisdiction because of defendant's status as a "non-citizen," "non-resident," and "freeman" was frivolous); *United States v. Schmitt,* 784 F.2d 880, 882 (8th Cir.1986) (argument that district court lacked personal jurisdiction over defendants because they were "Natural Freemen" and not a "juristic identity" was entirely frivolous); *Kimmell v. Burnet County Appraisal District,* 835 S.W.2d at 109–15; *Kimmell v. Leoffler,* 791 S.W.2d 648, 650 n. 1 (Tex.App.—San Antonio 1990, writ denied).

Appellant's contention is utterly without merit. A person cannot unilaterally immunize herself from the laws of this State, nor can she pick and choose at will the forum for a criminal prosecution or appeal.

We hold that a defendant or appellant in a criminal case is not entitled to have the case transferred from the appropriate trial court or court of appeals to a "court" unauthorized by law.

Appellant's request to have this case transferred is denied.[2]

---

**2.** If appellant desires to dismiss her appeal in this court, Rule 59(b) of the Texas Rules of Appellate Procedure provides for the proper procedure.