**Albert Lynn BARCROFT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–95–00003–CV.**

Court of Appeals of Texas,
Texarkana.

Submitted April 17, 1995.

Decided April 19, 1995.

---

Albert L. Barcroft, Trenton, pro se.

Gordon Gunter, Asst. Atty. Gen., Tort Litigation Div., Austin, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

Albert Barcroft appeals from an order dismissing his suit against the State seeking a declaratory judgment designating him to be a "Private State Citizen of Texas." The trial court denied Barcroft's motion for summary judgment and granted the State's motion to dismiss the case for failure to state a legally cognizant cause of action.

We have submitted this cause without oral argument, as permitted by TEX.R.APP.P. 75(f), because we determined that oral argument would not materially aid the court in its determination of the issues of law and fact presented in the appeal.

Barcroft filed suit against the State seeking a declaratory judgment under TEX.CIV. PRAC. & REM.CODE ANN. § 37.002 (Vernon 1986) (Declaratory Judgments Act). In his petition, Barcroft asked the court to: order that he no longer be referred to or treated as a corporation or as an entity incorporated by the State, its agencies, or its officials; remove any and all disabilities placed on him by means of contracts of the State, its agen-

cies, and officials, such as his birth certificate, driver's license application, school registration papers, voter's registration application and card, marriage license, and social security application and number; declare him to be a "Private State Citizen of Texas," with all the rights and immunities of a state citizen/sovereign, as referred to in the original Constitutions of Texas and the United States; and hold that he is not now and has never been a ward of the court or of the state.

Barcroft filed a motion for summary judgment, asserting that his suit was based on a sworn account. The State correctly responded that the suit was not an action founded on an open account or other claim for goods, wares, and merchandise, as set forth in TEX. R.CIV.P. 185. The State then moved for dismissal of Barcroft's action on the ground of sovereign immunity to suit or liability. The State also filed a plea to the jurisdiction of the court, also on the ground of sovereign immunity.

Barcroft argues that sovereign immunity can be claimed only under "common law proceedings" and that because the trial court does not function or rule in the common law, the State's claim of sovereign immunity is without merit. Barcroft also contends that, because his suit was for declaratory judgment only, the State may not claim sovereign immunity against the suit. He cites no authority for these contentions, and we are aware of none. To the contrary, from the earliest days of statehood, under the doctrine of governmental immunity, persons aggrieved by an action of the State or of one of its agencies have been unable to sue the State without its permission. *See Hosner v. De Young,* 1 Tex. 764, 769 (1847). That rule prevails today. *Liberty Mutual Ins. Co. v. Sharp,* 874 S.W.2d 736 (Tex.App.—Austin 1994, writ denied); *Dillard v. Austin Indep. Sch. Dist.,* 806 S.W.2d 589, 592 (Tex.App.—Austin 1991, writ denied). Moreover, the State is immune from suit without its consent, even if there is no dispute regarding its liability. *Green International, Inc. v. State,* 877 S.W.2d 428, 432 (Tex.App.—Austin 1994, writ denied).

■ Barcroft complains because he was not allowed to produce evidence to prove that his "contracts" with the State were entered into as a result of fraud by the State. This complaint has no merit. Barcroft presented pleadings to the trial court, filed various other documents, including affidavits and motions, and moved for a summary judgment. He presented summary judgment evidence to the court, but he suffered an adverse judgment because the evidence presented, as a matter of law, did not authorize the relief he sought. We are left to conjecture as to Barcroft's definition of a "Private state Texas Citizen" and how his claimed status differs from that of an ordinary citizen of the state. In any event, we find no merit to his contention that he has some special status that exempts him from the obligations and responsibilities of ordinary citizens.

The State argues that, regardless of how Barcroft denominates the case, the appeal is in essence a request for an advisory opinion in a case in which there is no justiciable controversy. We agree. Texas courts are without authority to issue advisory opinions. *See Tex. Ass'n of Business v. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex.1993). Moreover, there must be a justiciable controversy before a trial court assumes jurisdiction over a case. *California Prod., Inc. v. Puretex Lemon Juice, Inc.*, 160 Tex. 586, 334 S.W.2d 780 (1960).

Barcroft failed to state a valid claim for relief in the court below because he presented no justiciable issue to the court. The claims that he did raise are analogous to similar claims brought in other courts. Several of these were summarized by the San Antonio Court of Appeals in 1993:

> Appellant's core position, that she is somehow beyond the reach of Texas law and Texas courts, has been taken on occasion by other parties. *See, e.g., United States v. Masat*, 948 F.2d 923, 924 (5th Cir.1991) (argument that district court lacked personal jurisdiction because of defendant's status as a "non-citizen," "non-resident," and "freeman" was frivolous); *United States v. Schmitt*, 784 F.2d 880, 882 (8th Cir.1986) (argument that district court lacked personal jurisdiction over defen-

dants because they were "Natural Freemen" and not a "juristic identity" was entirely frivolous); *Kimmell v. Burnet County Appraisal District*, 835 S.W.2d [108] at 109–15 [ (Tex.App. Austin 1992) ]; *Kimmell v. Leoffler*, 791 S.W.2d 648, 650, n. 1 (Tex.App.—San Antonio 1990, writ denied).

> Appellant's contention is utterly without merit. A person cannot unilaterally immunize herself from the laws of this State,....

*Scotka v. State*, 856 S.W.2d 790, 792 (Tex. App.—San Antonio 1993, no pet.). *Scotka* is a criminal case, as is *Masat* and *Schmitt.* The two *Kimmell* cases are civil, as is this case. The arguments made in the cases cited in *Scotka*, however, are analogous to the argument made by Barcroft here, in which he insists that he is a "Private State Citizen of Texas, with all of the Rights and Immunities of a State Citizen/Sovereign."

We conclude that Barcroft's suit in the court below was frivolous and without merit, as is this appeal. Moreover, Barcroft has not presented points of error as required by Rule 74 of the Texas Rules of Appellate Procedure nor, with the exception of his argument as to sovereign immunity, has he supported his contentions with authorities, as also required by that Rule.

The judgment is affirmed.