**Morgan C. COOK, Jr. and Morgan C. Cook, Sr., Appellants,**

v.

**Maggie McGRAW, Appellee.**

No. 10–00–128–CV.

Court of Appeals of Texas,
Waco.

July 26, 2000.

Joervin Henderson, Bryan, for appellant.

D. Michael Holt, College Station, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## O P I N I O N

TOM GRAY, Justice.

Judgment was rendered against Morgan Cook, Jr. and Morgan Cook, Sr. in a Brazos County district court. Thereafter Cook, Jr. filed bankruptcy. Maggie McGraw, having prevailed at trial, moved to have the automatic stay of bankruptcy lifted so that she could pursue collection of the judgment. The stay was lifted. Cook, Jr. filed a notice of appeal with the district clerk of Brazos County.

Brazos County is unique in Texas. It is the only county in Texas from which appeals can go to one of three different courts of appeals. *Cole v. State,* 755 S.W.2d 226 (Tex.App.—Houston [1st Dist.] 1988, no writ); TEX. GOV'T CODE ANN. § 22.201(b), (k) and (o) (Vernon 1988). However, Cook Jr. failed to state in the notice of appeal the court to which the appeal was being taken as required by Rule 25.1(d)(4). TEX.R.APP. P. 25.1(d)(4). Rather, he advised the district clerk that "This appeal may be before the First, Fourteenth, or Tenth (Waco) Court of Appeals, depending [upon] the allocation under established rules." Contrary to his assertion there is no established rule regarding allocation between these three courts for appeals from Brazos County.

To complicate the problem created by his failure to state the court to which the appeal would be taken, Morgan, Jr. filed a copy of the notice of appeal with all three courts of appeals. *See* TEX.R.APP. P. 25.1(e). Apparently, the First and Fourteenth, went through their normal allocation procedure and directed the appeal to the Fourteenth. *See* TEX. GOVT CODE ANN. § 22.202(h) (Vernon 1988). Thus, Morgan, Jr. has advised this Court that the Tenth and the Fourteenth have both asserted jurisdiction over the appeal of this cause.

Morgan, Jr. has now filed a motion to abate the appeal. In it he asserts that the debt which is the subject of the judgment has been discharged in the bankruptcy proceeding. An adversary hearing has been scheduled later this year for the bankruptcy court to resolve this question. Morgan, Jr. wants this appeal abated until after the hearing in bankruptcy court. The bankruptcy matter is pending in Houston, in the Southern District of Texas.

The same matter should not be pending in two appellate courts. Overlapping jurisdiction of this Court with the First and the Fourteenth appellate districts for appeals from Brazos County allowed it to happen in this instance. To avoid the multiple pendency of the same matter in

more than one court of appeals, and in deference to the convenience of the parties, rather than abate this matter, we will dismiss this appeal without any reference to the merits of the case. This appeal is dismissed. The clerk is ordered to direct a copy of this opinion to the Fourteenth Court of Appeals.