# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00483-CR

**Leonard Fisher, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY
## NO. 99-3622-1, HONORABLE KEVIN HENDERSON, JUDGE PRESIDING

A jury found appellant Leonard Fisher guilty of operating a motor vehicle without establishing financial responsibility and assessed a $350 fine.[1]  *See* Tex. Transp. Code Ann. §§ 601.051, .191 (West 1999).  Appellant, who represents himself on appeal as he did at trial, contends the trial court erred by overruling his several motions to dismiss.  He also contends he was unlawfully arrested, that he and his vehicle were exempt from Texas Motor Vehicle Safety Responsibility Act, and that the act is unconstitutional.  We affirm.

Appellant's first issue or point of error is that the court erred by overruling his motion to dismiss on the ground that appellant is immune from prosecution by the State of Texas.  In his motion to dismiss and in his brief to this Court, appellant asserts that he is a citizen of the Republic of Texas, and that he has never voluntarily become a citizen of the United States or "the defacto State

---

[1] We show appellant's name as it appears in the trial court's judgment.  Appellant refers to himself as Lenard Boyce, Fisher.

of Texas." Appellant's contention that he is beyond the reach of the courts of the State of Texas is without merit. A person cannot unilaterally immunize himself from the laws of this State. *Scotka v. State*, 856 S.W.2d 790, 792 (Tex. App.—San Antonio 1993, no pet.). Point of error one is overruled.

Appellant also moved to dismiss for violation of the Speedy Trial Act. *See* Tex. Code Crim. Proc. Ann. art. 32A.02, § 1(3) (West 1989). That act was declared unconstitutional and void in 1987. *See Meshell v. State*, 739 S.W.2d 246, 257-58 (Tex. Crim. App. 1987). Point of error two is overruled.

Appellant's third point of error concerns the wording of the complaint that underlies the information on which he was prosecuted. The complaint states that the complainant, Melissa Hightower, relied on "the facts stated in the written offense report and investigation of C. Tipton, whom I know to be a Peace Officer of the State of Texas who is a reliable observer . . . ." Appellant contends the information should have been dismissed because there is no C. Tipton. He also complains that Hightower was not called as a witness.

At appellant's request, only a partial reporter's record was prepared and filed. This partial record does not support appellant's contention that Hightower did not testify. Assuming that she did not, there is nothing in the record to suggest that she was unavailable. There is no showing that appellant attempted to subpoena her.

The reporter's record consists of a pretrial hearing at which Florence Police Chief Michael Tipton was the only witness, and of a portion of Tipton's trial testimony. Tipton testified that he stopped appellant for driving with expired license plates on his pickup truck. When appellant

told Tipton he did not have liability insurance, the officer arrested him for that offense. This testimony was sufficient to identify Chief Tipton as the "C. Tipton" referred to in the complaint. Point of error three is overruled.[2]

In point of error four, appellant contends he was arrested without probable cause. Appellant states in his brief that he was stopped and immediately arrested for failing to establish financial responsibility. He argues that the officer could not have had probable cause to believe appellant did not have liability insurance without first asking for evidence of financial responsibility. Tipton testified that he stopped appellant after running a computer check and determining that the registration of appellant's truck had expired. Tipton further testified that he did not arrest appellant until after appellant informed him that he did not have insurance.

The trial court was the trier of fact at the pretrial hearing. On appeal, we defer to the trial court's factual determinations. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). Because the court did not make explicit findings of fact, we review the evidence in the light most favorable to the court's ruling and assume the court made findings that are supported by the record and buttress its conclusion. *See Carmouche v. State*, 10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000). We therefore assume that the trial court believed Tipton's testimony and disbelieved appellant's assertions to the contrary. Tipton's testimony supports the conclusion that he had probable cause to arrest. Point of error four is overruled.

---

[2] In the motion to dismiss underlying point of error three, appellant also complained that the allegation that the offense took place "on or about" March 22, 1999, did not give him adequate notice. Although he does not bring this contention forward on appeal, we note that it was properly overruled. *See Garcia v. State*, 981 S.W.2d 683, 685-86 (Tex. Crim. App. 1998).

Appellant's fifth point of error asserts that the prosecution should have been dismissed because section 601.051 does not apply to him. The statute provides that "[a] person may not operate a motor vehicle" without establishing financial responsibility. Tex. Transp. Code § 601.051. Appellant asserts that he is not a "person" and that his pickup truck is not a "motor vehicle." Appellant supports these assertions by referring to numerous court opinions, statutes, and code provisions having no application to this cause. The pertinent definition of "motor vehicle" is "a self-propelled vehicle designed for use on a highway . . . ." Tex. Transp. Code Ann. § 601.002(5) (West 1989). That statute defines "person" as "an individual, firm, partnership, association, or corporation." *Id*. § 601.002(10). These definitions clearly include appellant and his pickup truck. Point of error five is overruled.

Point of error six restates the Speedy Trial Act argument asserted in point two. Point of error six is overruled.

By point of error seven, appellant asserts that Chief Tipton failed to sign the statement of appointment and take the oath of office before entering upon the duties of police chief. *See* Tex. Const. art. XVI, § 1; Tex. Loc. Govt. Code Ann. § 22.005 (West 1999). While appellant's factual assertion is supported by the record, the record also shows that Tipton had satisfied all constitutional and statutory requirements long before the stop and arrest giving rise to this prosecution. Whatever Tipton's official status before he took the oath and signed the statement of appointment, he was not a "usurper of a public office" at any time relevant to this cause. Point of error seven is overruled.

Finally, appellant contends the Motor Vehicle Safety Responsibility Act violates the constitutional right to travel and use the public highways in the ordinary course of life and business.

4

Driving is not a constitutionally protected right, but a privilege. *Ex parte Arnold*, 916 S.W.2d 640, 642 (Tex. App.—Austin 1996, pet. ref'd). Requiring financial responsibility as a condition of operating a motor vehicle on the state's highways secures redress for injured highway travelers and is a proper subject of the state's police power. *Riggle v. State*, 778 S.W.2d 127, 129 (Tex. App.—Texarkana 1989, no pet.). Point of error eight is overruled.

The judgment of conviction is affirmed.

_____

Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed: May 17, 2001

Do Not Publish