**Order entered August 26, 2019**



**In The**
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00356-CR

### BOBBY BRUNER, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the County Criminal Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. MB16-31477-C**

## ORDER

On July 5, 2019, the Court granted counsel's motion to abate this appeal for a determination of indigence. We abated the appeal and ordered the trial court to conduct a hearing and to make findings of fact regarding whether appellant could be located, whether appellant desired to prosecute the appeal or had abandoned it, and whether appellant is indigent and desired appointed appellate counsel.

On July 17, 2019, the trial court conducted a hearing and made findings of fact on the record that included findings appellant had not maintained contact with counsel, he had abandoned the appeal, his current address was unknown, and there were no facts indicating appellant was indigent.

By order entered July 30, 2019, the Court adopted the trial court's findings. Because appellant had failed to pay for the reporter's record, he had abandoned the appeal, and there was no address at which to provide appellant with additional notice of the overdue reporter's record, the Court ordered the appeal submitted without a reporter's record or briefs.

Upon review of the record, however, the Court notes the trial court clerk filed a July 29, 2019 supplemental clerk's record. The supplemental clerk's record includes documents showing that on July 18, 2019, as a result of the finding that appellant had abandoned his appeal, the trial court held appellant's bond insufficient and issued a warrant of arrest. On July 24, 2019, appellant was arrested pursuant to the warrant. During his arraignment, appellant filled out a financial affidavit showing he is living with his mother at an address in Fort Worth, his expenses exceed his income, and he has no assets. Nevertheless, appellant declined to check a box declaring himself an indigent in need of counsel and initialed a box on the form stating he would hire his own attorney.

Before submitting the case without a reporter's record, the Court must give appellant "notice and a reasonable opportunity to cure" the failure to file the reporter's record. *See* TEX. R. APP. P. 37.3(c). Because appellant's address was unknown, the Court did not give appellant notice and a reasonable opportunity to file the overdue reporter's record. Accordingly, we **VACATE** that portion of our July 30, 2019 order that orders the appeal submitted, and we **REMOVE** this case from submission.

We **ORDER** appellant to file, within **FOURTEEN DAYS** of the date of this order, written verification that (1) he has requested the reporter's record be prepared; and (2) he has paid or made arrangements to pay the fee for the preparation of the reporter's record or he is entitled to appeal without paying the fee. *See* TEX. R. APP. P. 37.3(c).

Because the trial court has already conducted a hearing and has found that appellant abandoned the appeal, a finding adopted by this Court, if appellant fails to provide the written verification as ordered, the Court will order this appeal submitted without the reporter's record and briefs. *See* TEX. R. APP. P. 37.3(c), 38.8(b)(4); *Sutherland v. State*, 658 S.W.2d 169, 170 (Tex. Crim. App. 1983); *Scotka v. State*, 856 S.W.2d 790, 791 n. 1 (Tex. App.—San Antonio 1993, no pet.); *see also Turner v. State*, No. 05-10-00182-CR, 2011 WL 522932, at *1 (Tex. App.—Dallas Feb. 16, 2011, no pet.) (not designated for publication).

We **DIRECT** the Clerk of the Court to transmit a copy of this order, by electronic transmission to counsel for the parties.

We **FURTHER DIRECT** the Clerk of the Court to send a copy of this order, by first class mail, to Bobby Bruner; 2808 Shaye Lane; Fort Worth, Texas 76011.

/s/    ROBERT D. BURNS, III
CHIEF JUSTICE