**AFFIRMED and Opinion Filed September 23, 2019**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-19-00356-CR**

**BOBBY BRUNER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. MB16-31477-C**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Nowell
Opinion by Justice Nowell

Bobby Bruner appeals his conviction for misdemeanor driving while intoxicated with an open container. After conducting a fundamental error review, we affirm.

The clerk's record was timely filed in this case. On July 1, 2019, retained counsel filed a motion to abate this appeal for a determination of indigence. In the motion, appellant's counsel reported that he had agreed to represent appellant on a *pro bono* basis provided appellant paid the costs for filing the record. Counsel stated appellant had not paid for the reporter's record, his telephone and emergency contact telephone numbers had been disconnected, and counsel had been unable to communicate with him since April 16, 2019. Counsel requested the Court abate the appeal to allow the trial court to conduct a hearing to determine if appellant is indigent and whether counsel's representation should continue. On July 5, 2019, we granted the motion and ordered the

trial court to conduct a hearing and to make findings of fact regarding whether appellant could be located, whether appellant desired to prosecute the appeal or had abandoned it, and whether appellant is indigent and desired appointed appellate counsel.

On July 17, 2019, a supplemental reporter's record was filed of the hearing the trial court held that same day. During the hearing, counsel told the trial court he had attempted to contact appellant by telephone, text message, and certified mail. Counsel reported appellant's telephone number had been disconnected and the certified mail he sent was returned as undeliverable. Counsel informed the trial court that he had attempted to reach appellant through his emergency contact, but her telephone number had also been disconnected and she did not reply to counsel's messages sent through Facebook. In response to the trial court's question, counsel affirmed he had not worked *pro bono* pretrial and during trial, and that appellant had told him that appellant was willing and able to pay for the record. The trial court took judicial notice that there are no cases against appellant in Dallas County's computer system, and thus there is no history of him being adjudged an indigent or having counsel appointed to represent him. After hearing from counsel, the trial court made findings of fact which included findings that appellant has abandoned his appeal.

On July 29, 2019, the trial court filed a supplemental clerk's record showing that as a result of the trial court's finding that appellant had abandoned the appeal, on July 18, 2019, the trial court held appellant's bond insufficient and issued a warrant of arrest setting a $2,500 cash bond for release. Appellant was arrested on July 24, 2019. During his arraignment, appellant filled out a financial affidavit showing he is living with his mother in Fort Worth, his expenses exceed his income, and he has no assets. Nevertheless, appellant declined to check a box declaring himself an indigent in need of counsel and initialed a box on the form stating he would hire his own attorney.

On July 30, 2019, the Court entered an order reinstating the appeal and adopting the following findings of fact made by the trial court:

- appellate counsel has made reasonable and diligent efforts to locate appellant;

- appellant has not maintained contact with counsel;

- appellant's actions indicate a disinterest in his case and communicate an interest in abandoning his appeal;

- appellant's current address is unknown and not determinable;

- there are no facts before the trial court indicating that appellant is now or has ever been indigent.

The Court did not adopt a finding that it was no longer necessary for counsel's representation to continue in the current case due to abandonment. The Court's order further stated that because it appeared appellant has failed to pay for the reporter's record and had abandoned the appeal, and there being no means of providing appellant with additional notice of the overdue reporter's record, the case was ordered submitted on the existing record for fundamental error review.

Upon further consideration of the July 29, 2019 supplemental clerk's record and out of an abundance of caution, the Court vacated its July 30, 2019 order to the extent it submitted the appeal. The Court then ordered appellant to file written verification by September 9, 2019 that he (1) requested the reporter's record be prepared; and (2) paid or made arrangements to pay the fee for the preparation of the reporter's record or was entitled to appeal without paying the fee. *See* TEX. R. APP. P. 37.3(c) (before submitting case without reporter's record, court must give appellant "notice and a reasonable opportunity to cure" failure to file reporter's record). We reminded appellant that the trial court had already conducted a hearing and found that appellant abandoned the appeal, a finding adopted by this Court. We cautioned appellant that the failure to provide the written verification as ordered would result in this appeal being submitted without the reporter's record and briefs. *See* TEX. R. APP. P. 37.3(c), 38.8(b)(4); *Sutherland v. State*, 658 S.W.2d 169,

170 (Tex. Crim. App. 1983); *Scotka v. State*, 856 S.W.2d 790, 791 n.1 (Tex. App.—San Antonio 1993, no pet.); *see also Turner v. State*, No. 05-10-00182-CR, 2011 WL 522932, at \*1 (Tex. App.—Dallas Feb. 16, 2011, no pet.) (not designated for publication). Because appellant did not comply with our order or otherwise communicate with the Court about the appeal, the Court again ordered the case submitted on the existing record.

We do not have authority to dismiss a pending criminal appeal unless the appellant either files a motion to dismiss the appeal or escapes from custody. *See* TEX. R. APP. P. 42.2(a), 42.4. When an appellant abandons an appeal, we may submit the appeal and consider it upon the existing record. *See Sutherland*, 658 S.W.2d at 170; *Scotka*, 856 S.W.2d at 791 n.1; *see also Turner*, 2011 WL 522932, at \*1. The Court reviews the existing record for fundamental error. *See Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994); *Burton v. State*, 267 S.W.3d 101, 103 (Tex. App.—Corpus Christi 2008, no pet.) (citing *Saldano v. State*, 70 S.W.3d 873, 887–88 (Tex. Crim. App. 2002) (listing fundamental errors)).

The clerk's record has been filed. There is no reporter's record or brief. Without a brief, no issues are before us. In the interest of justice, we have reviewed the clerk's record for fundamental error and have found none. *See Burton*, 267 S.W.3d at 103.

We affirm the trial court's judgment.


/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
190356F.U05

–4–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

BOBBY BRUNER, Appellant

No. 05-19-00356-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court No. 3, Dallas County, Texas
Trial Court Cause No. MB16-31477-C.
Opinion delivered by Justice Nowell,
Justices Myers and Osborne participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 23rd day of September, 2019.