**Order entered October 11, 2019**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00522-CR

**JAMES GAVIN OVERLOON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F18-00355-U**

## ORDER

Before the Court is the October 9, 2019 motion for abatement for a hearing regarding appellant's desire to appeal. The reporter's record was due in this appeal on August 10, 2019. On August 14, 2019, the Clerk of the Court notified Official Court Reporter Sasha Brooks of the overdue record and directed her to file the record within thirty days. Brooks did not file the record as directed. On October 7, 2019, the Court entered an order requiring Brooks to file the complete reporter's record by October 25, 2019.

On October 8, 2019, Brooks filed a letter with the Court stating that she had been informed by the trial court, trial counsel, and appellate counsel that appellant no longer wished to appeal. After receiving Brooks's letter, the Clerk of the Court issued a letter requesting that

appellate counsel inform the Court within ten days of the status of the appeal. Appellate counsel responded with the current motion for abatement.

In the motion for abatement, appellate counsel reports he has had difficulty scheduling a meeting with appellant. Appellate counsel reports that he conferred with appellant in person on May 1, 2019 and in writing on May 7, 2019. Appellant failed to keep an August 23, 2019 appointment with appellate counsel. On August 26, 2019, appellant and appellate counsel conferred and, according to appellate counsel's notes, appellant agreed to visit appellate counsel's office "on August 27, 2019, subject to confirmation, or in the alternative on a later date." Appellate counsel's notes further reflect that on September 4, 2019, appellant arrived at appellate counsel's office, but was informed by the receptionist, perhaps erroneously, that appellate counsel was in court. On October 3, 2019, appellant and appellate counsel spoke by telephone and agreed to meet on October 4, 2019. Appellant did not show for the October 4, 2019 meeting, which was reset to October 7, 2019. Appellant also did not appear for the October 7, 2019 meeting. According to appellate counsel, appellant has stated that "he will follow up soon."

We do not have authority to dismiss a pending criminal appeal unless the appellant either files a motion to dismiss the appeal or escapes from custody. *See* TEX. R. APP. P. 42.2(a), 42.4. When an appellant abandons an appeal, we may submit the appeal and consider it upon the existing record. *See Sutherland v. State*, 658 S.W.2d 169, 170 (Tex. Crim. App. 1983); *Scotka v. State*, 856 S.W.2d 790, 791 n. 1 (Tex. App.—San Antonio 1993, no pet.); *see also Turner v. State*, No. 05-10-00182-CR, 2011 WL 522932, at *1 (Tex. App.—Dallas Feb. 16, 2011, no pet.) (not designated for publication).

From the information appellate counsel presents, we cannot conclude there is a sufficient question of appellant's desire to pursue the appeal to justify an abatement. While appellant has missed several meetings, he has appeared in appellate counsel's office as recently as September 4, 2019, has spoken with appellate counsel as recently as October 3, 2019, and has scheduled meetings with appellate counsel as recently as October 7, 2019. Appellate counsel has not reported in the motion any statements from appellant suggesting he does not want to proceed with the appeal. Appellate Counsel has appellant's current address for purposes of contact.

Accordingly, we **DENY** the motion to abate without prejudice to refiling it should further developments warrant.

Because the court reporter has received conflicting information regarding whether she should prepare the record, we **ORDER c**ourt reporter Sasha Brooks to file the reporter's record and **EXTEND** the time to file the reporter's record until November 25, 2019.

We **DIRECT** the Clerk of the Court to transmit a copy of this order, by electronic transmission to Official Court Reporter Sasha Brooks and to counsel for the parties.

/s/ ROBERT D. BURNS, III
CHIEF JUSTICE