Kimmell v. State 




TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00160-CR







Paul W. Kimmell, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT OF BURNET COUNTY


NO. M7975, HONORABLE MARTIN E. MCLEAN, JUDGE PRESIDING






 In the County Court of Burnet County, a jury convicted Paul W. Kimmell of theft
of services. The trial court assessed punishment at forty days confinement and a fine of one
thousand dollars. The defendant appeals the conviction. We shall affirm.



BACKGROUND


 The State's sole witness, Moshin Abbas, testified that Kimmell's associate,
"Linda," arranged for Auto Plus Repairs (owned by Abbas) to make repairs on Kimmell's
Porsche, that Kimmell picked up the car one Saturday to drive it to Dallas where he intended to
sell it, that Abbas warned Kimmell that the car probably would not make it to Dallas, that
Kimmell made a partial payment of $700 (out of $1427.10 total payment due) for the repairs, and
that Kimmell promised to pay the balance on the bill at a later date. Abbas further testified that
Kimmell called him the next day, stating that the car had broken down in Waco, that he would
not pay the remaining balance due, and that he would cancel payment on the check, which he did.

 According to the record, Kimmell did not appear on February 15, 1994, when his
trial was originally scheduled; a capias issued and Kimmell was arrested and jailed in order to
secure his presence before the court. On March 1, 1994, the trial was held. The court noted that
Kimmell had been advised of his right to counsel both at arraignment and when he appeared pro
se at the start of the trial.

 Throughout the trial, Kimmell was unresponsive and uncooperative with the court,
refusing to participate in the proceedings. While Kimmell was present during the proceedings,
when addressed by the court, he repeatedly answered that he refused to participate in the trial and
"preserve(d) all matters of law and fact for an appeal in the appeals court." Moreover, Kimmell
made continuous references at trial that "[a]ll issues of law and fact had been decided in the
Common Law Court of the United States of America." The numerous documents Kimmell has
filed in this cause reveal that the "Common Law Court of the United States" has a "Non Domestic
Mail" address in Lafayette, Louisiana. See also Kimmell v. Burnet County Appraisal Dist., 835
S.W.2d 108 (Tex. App.--Austin 1992, writ dism'd w.o.j.).

 Kimmell refused to participate in jury selection, to make an opening statement or
final argument, to cross-examine the State's witness, to call any witnesses, or to make any
objections. He repeatedly insisted that he "preserv[ed] all [of his] rights on appeal of all issues
of fact and law."

 Appellant's brief does not set out any individually demarcated points of error. Any
error in the record is waived. Attempting to discern his complaints on appeal, Kimmell claims
1) that he was improperly arrested on the capias because it lacked probable cause, 2) that he is a
sovereign international entity, and therefore is immune from suit according to the doctrine of
sovereign immunity, and 3) that he did not effectively waive his right to counsel. In its response
brief, the State asserts that Kimmell preserved no error for appellate review on the issue of his
arrest, that the court should overrule, as a matter of law, Kimmell's claims to the right of
sovereign immunity, and that the court should impose sanctions against Kimmell for his numerous
frivolous filings. 



DISCUSSION 


Right to counsel

 Kimmell did not claim to be indigent. Indeed, records in the transcript reflect that
he is a chiropractor who owns his own clinic.

 In his supplemental brief, Kimmell baldly states "[t]he Record is void of waiver of
counsel . . ." Despite the fact that no attorney represented Kimmell at trial, the record does not
reflect that Kimmell waived counsel. This case does not present the usual scenario of the
defendant who, desiring to play the role of attorney, rejects outside counsel so that he might
represent himself. In that familiar situation, the decision to waive counsel and proceed pro se
must be knowingly and intelligently made, and the trial court must admonish the defendant of the
dangers and disadvantages of self-representation. Faretta v. California, 422 U.S. 806, 95 S.Ct.
2525, 45 L.Ed.2d 562 (1975); Geeslin v. State, 600 S.W.2d 309 (Tex. Crim. App. 1980). The
purpose of the Faretta inquiry is to insure that the defendant intelligently apprises the risks of self-representation.

 The instant case has nothing to do with self-representation. Kimmell did not waive
the right to counsel and then attempt to represent himself. Instead, Kimmell affirmatively denied
that he was waiving counsel, (1) refused to represent himself, and denied the validity of the court. 
Kimmell refused to participate in any stage of the trial on the basis that the court had no
jurisdiction due to his "sovereign" status. 

 It is one thing to waive counsel in order that one might put up one's own defense;
it is quite another to deny the very validity of the court. Kimmell cannot immunize himself from
suit by refusing to accept counsel, refusing to represent himself, and then complain that he had
no opportunity to mount a defense. Appellant's complaints predicated on the Texas Code of
Criminal Procedure, Article 1.05 & 1.051 are overruled. 



Unlawful Arrest and Sovereign Immunity

 Kimmell further raised issues of unlawful arrest and his status as a sovereign state. 
Rule 52 of the Texas Rules of Appellate Procedure requires that an appellant preserve his
complaints at trial in order to present them to an appellate court for review. Tex. R. App. P. 52. 
As the record indicates, Kimmell refused to participate at trial and has not preserved any
complaints for appellate review. An appellate court "will not consider errors, even those of
constitutional magnitude, not called to the trial court's attention." State v. Nolan, 808 S.W.2d
556, 559 (Tex. App.--Austin 1991, no pet.); see also Briggs v. State, 789 S.W.2d 918, 924 (Tex.
Crim. App. 1990) (holding that the appellant had an obligation to preserve his right to
confrontation claim for appeal, and writing that "[e]ven constitutional errors may be waived by
failure to object at trial"). We overrule all of appellant's complaints without imposing sanctions.



CONCLUSION


 We affirm the trial court's judgment.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Kidd

Affirmed

Filed: September 27, 1995

Do Not Publish
1. [1]  The Statement of facts reveals:


MR KLAEGER: Your Honor, he has to understand that he has the right to an
attorney at this trial. I take by his stance that he's waiving his right to an attorney
also.


MR KIMMELL: No, I'm not. I'm preserving that on appeal.


(emphasis added). 



ern his complaints on appeal, Kimmell claims
1) that he was improperly arrested on the capias because it lacked probable cause, 2) that he is a
sovereign international entity, and therefore is immune from suit according to the doctrine of
sovereign immunity, and 3) that he did not effectively waive his right to counsel. In its response
brief, the State asserts that Kimmell preserved no error for appellate review on the issue of his
arrest, that the court should overrule, as a matter of law, Kimmell's claims to the right of
sovereign immunity, and that the court should impose sanctions against Kimmell for hi