

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

May 2, 1996

The Honorable James W. Carr
Lavaca County Attorney
Box 576, Second Floor Courthouse
Hallettsville, Texas 77964

Opinion No. DM-389

Re: Whether a county clerk must file a judgment issued by a "common law court" (RQ-876)

Dear Mr. Carr:

You have requested our opinion as to whether a county clerk must file a judgment rendered by a "common law" court.

In recent years, the so-called "Republic of Texas" movement has harassed various local public officials by, among other things, conducting "trials" in self-styled "common law" courts of the movement's invention, and attempting to file the "judgments" resulting from those trials, and other such documents, including pleadings, in the lawful district and county courts of this state.[1] In the most recent reported instance, two individuals, at odds with the federal Farmer's Home Administration over a prior debt, filed false UCC-1 financing statements against three United States Department of Agriculture employees named as "debtors." *United States v. Greenstreet*, 912 F.Supp. 224, 227 (N.D. Tex. 1996).[2]

Some clerks of courts have been misled by the attempted filings of these bogus papers, apparently because, at first glance, they appear to be similar in form to documents routinely filed in the courts of the Texas. Invariably, however, they indicate on their face

---

[1]Seven examples of the kind of "documents" at issue are reproduced as appendices to the court's decision in *Kimmel v. Burnet County Appraisal District*, 835 S.W.2d 108, 109-115 (Tex. App.--Austin 1992, writ dism'd w.o.j.).

[2]The individuals claiming to be "citizens" of the "Republic of Texas" often attack the legitimacy of the duly constituted courts of this state by disputing the validity of the Fourteenth Amendment to the United States Constitution, and they do so in the most virulently racist terms. As the court noted in *Greenstreet*:

> Greenstreet argues that he is of "Freeman Character" and "of the White Preamble Citizenship and not one of the 14th Amendment legislated enfranchised De Facto colored races." He further claims that he is a "white Preamble natural sovereign Common Law De Jure Citizen of the Republic/State of Texas." As a result, he concludes that he is a sovereign, not subject to the jurisdiction of this Court.

*Greenstreet*, 912 F. Supp. at 228.

the purported existence of the "common law courts of the Republic of Texas," or similar bodies which have no legal existence except in the minds of the partisans of this movement. As the court said in *Kimmel*: "We hold that the Common Law Court for the Republic of Texas, if it ever existed, has ceased to exist since February 16, 1846." *Kimmel*, 835 S.W.2d at 109.

The Texas Constitution states, in article V, section 1:

> The judicial power of this State shall be vested in one Supreme Court, in one Court of Criminal Appeals, in Courts of Appeals, in District Courts, in County Courts, in Commissioners Courts, in Courts of Justices of the Peace, and in such other courts as may be provided by law.

> The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district and other inferior courts thereto.

These specified courts, together with those statutory courts which the legislature has created, such as municipal courts, county courts at law, and the various specialized courts existing in the larger counties, constitute the only courts in which is vested the "judicial power of this State." Tex. Const. art. V, § 1. No "common law court," whether of the so-called "Republic of Texas" or otherwise, is among those ordained by constitution or statute.

Section 191.001(c), Local Government Code, provides: "The county clerk shall record, exactly, without delay, and in the manner provided by this subtitle, the contents of each instrument that is filed for recording and that the clerk is authorized to record." A document specifying on its face that it is a judgment of a "common law" court is not one "that the clerk is authorized to record." Section 192.001, Local Government Code, states: "The county clerk shall record each deed, mortgage, or other instrument that is required or permitted by law to be recorded." An instrument originating from a "common law" court is not one "that is required or permitted by law to be recorded."

Finally, section 192.004, Local Government Code, provides: "The county clerk shall record separately from a deed or other conveyance each deed of trust, mortgage, or judgment that is required to be recorded to create a judgment lien and every other instrument that is intended to create a lien." A purported lien from a "common law" court is not a lawful instrument and therefore cannot create a lien. In *Bernard v. Crowell*, 38 S.W.2d 912 (Tex. Civ. App.--San Antonio 1931, no writ), the court said that "the clerk of a trial court has no discretion in the matter of filing papers recognized by law as properly belonging in the record of causes." Any document that purports to be an order or judgment from a "common law" court is not one that is "recognized by law as properly

belonging in the record of causes," because a "common law" court is not a legally constituted court under the constitution or statutes of this state.

County and district clerks should reject any document that indicates on its face that it is to be filed in, that it is an order or judgment from, or that it is a notice of a removal petition to, any purported state or local court not so named in constitution or statute.[3]  A clerk should maintain a list of legitimate courts ready at hand to assist in this determination, and should of course consult his or her county or district attorney should any questions arise.  Local officials may also wish to post notices advising of the legal consequences that attach to the filing of fraudulent liens.[4]  Furthermore, county and district attorneys would be well advised to draw up a set of detailed guidelines to assist clerical employees in assuring that no legitimate filings are denied, and that both state and federal constitutional requirements are strictly observed.  In some instances, it might be necessary for prosecutorial officials to monitor filings to ensure compliance with the law.[5]

---

[3]We note that if district and county clerks have already accumulated a number of documents relating to the so-called "Republic of Texas," they may be able to dispose of them in accordance with those portions of the records retention statutes that relate to destruction of records. See Local Gov't Code chs. 202 (terms under which local governmental records may be destroyed), 203 (duties of records custodians for local governmental bodies); see also Gov't Code ch. 441, subch. J (revisions to local government records retention schedules).  We caution, however, that local officials should exercise caution in this regard, since section 552.351, Government Code, creates a criminal offense for willful destruction of records, i.e. not in compliance with statutory requirement.

[4]In 1995, the legislature amended chapter 9 of the Texas Uniform Commercial Code to add section 9.412, which forbids the filing of a fraudulent lien, creates a cause of action in favor of the owner of property covered by the fraudulently filed financing statement, and makes such filing a criminal offense. See Bus. & Com. Code § 9.412.

[5]Individuals claiming to be "citizens" of the "Republic of Texas" leave no doubt that they mean business, and they routinely issue public threats to "bring down" government.  In a recent address before about 300 supporters at the State Capitol, the "provisional secretary of defense" of the "Republic" declared:

> In about two weeks, we crank up to the next round.  When we start going after . . . personal property, it's going to get real serious.  If we have to bring the whole government to a halt in order to get legal review before the Legislature so they can determine their lawful status, we'll do it.

Jeffrey Needham, Republic Leaders Give Notice To Governor, IRS, SAN ANTONIO EXPRESS-NEWS, Mar. 19, 1996, at 3B.

## SUMMARY

A district or county clerk should not accept for filing any document that indicates on its face that it is to be filed in, that it is an order or judgment from, or that it is a notice of a removal petition to, any purported state or local court not named in the constitution or statutes of the state of Texas. County and district attorneys should assist clerical employees in making certain that no legitimate filings are denied, and that state and federal constitutional requirements are strictly observed.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee