WATKINS, Judge.
Plaintiff, Robert Kaltenbach appeals the dismissal of his petition seeking recognition of a judgment of the “Common Law Court of the United States of America” (Common Law Court) under LSA-C.C.P art. 2541.
FACTS
Plaintiff, an inmate of the Louisiana State Penitentiary, filed suit against Mary Nell Marchive, Clerk of Court for West Feliciana Parish; John P. Whitley, Warden of Louisiana State Penitentiary; and Richard P. Iey-oub, Attorney General of the State of Louisiana, seeking the recognition and enforcement of the following alleged Declaratory Judgment of the Common Law Court, to-wit:
[[Image here]]
The defendant, John P. Whitley, filed a motion for sanctions under LSA-C.C.P. art. 863, alleging that the facts of plaintiffs petition were not well grounded in fact; nor was the .petition warranted by existing law, and that it was not filed in good faith; and that the petition was filed solely for the purpose of harassing defendant. Thereafter, defendants John Whitley and Richard Ieyoub filed an exception of no. cause of action alleging *703 that the purported judgment which the plaintiff seeks to make executory is not a judgment or decree of a court of the United States or a territory thereof, or of any other state, or of any foreign country as required by LSA-C.C.P. art. 2541. Defendant Mary Nell Marchive also filed an exception of no cause of action on the same grounds. After a hearing, the trial court sustained the exception of no cause of action and imposed court costs as sanctions against the plaintiff, stating that he would not be permitted to file any additional pleadings until the costs were paid.
LAW
The plaintiff seeks the enforcement of a foreign judgment pursuant to LSA-C.C.P. art. 2541, which provides in part as follows:
A. A party seeking recognition or execution by a Louisiana court of a judgment or decree of a court of the United States or a territory thereof, or of any other state, or of any foreign country may either seek enforcement pursuant to R.S. 13:4241, et seq., or bring an ordinary proceeding against the judgment debtor in the proper Louisiana court, to have the judgment or decree recognized and made the judgment of the Louisiana court.
The validity and jurisdiction of the judgment of the Common Law Court is set forth in plaintiffs petition as follows:
18. The Constitution for the United States of America guarantees Petitioner a Republican form of government which requires that the State of Louisiana provide an independent Court system and an adequate remedy therefrom without denial.
19. A system controlled by Corporate State Law and public policy Judges is not an independent system by any stretch of the imagination.
20. Therefore, “We the People” have created an independent Article III independent constitutional court which is foreign and alien to the corporate state and its public policy courts and that court is called a Common Law Court.
Based upon the pleadings in this matter, we believe the trial court correctly sustained the exception of no cause of action. The judgment which the plaintiff seeks to have recognized is not a judgment or decree of a court of the United States or a territory thereof, or of any other state, or of any foreign country as required by LSA-C.C.P. art. 2541.
For the' reasons expressed, the judgment of the trial court is affirmed in all respects. All costs are assessed to the plaintiff, Robert Kaltenbach.
AFFIRMED.