**SHERIFFS: SERVICE OF PROCESS:** Sheriff is not authorized to serve documents pertaining to proceedings in purported "courts" not established by law. Minn. Const. art. VI § 1; Minn. Stat. § 387.03 (1994).

390a-21

November 5, 1996

Charles G. Rasmussen
Todd County Attorney
Todd County Courthouse
Long Prairie, MN 56347

Dear Mr. Rasmussen:

In your memorandum to Attorney General Hubert H. Humphrey III, you present substantially the following:

## FACTS

The Todd County Sheriff "served" on you documents that purport to notify you of proceedings in a "superior county court" of the "Minnesota state Republic" and/or a federal district court with "Common Law venue."[1]  One of the documents bears a "Common Law Case" number and includes "country of Minnesota" in its caption. The documents purport to be a "Motion to Show Cause," an "Affidavit of Fact," and "Non-Statutory Abatement." You express concern that the resources of the Sheriff's Office are improperly used for unauthorized purposes when "serving" these and similar documents.

You ask substantially the following question:

## QUESTION

Is a Sheriff authorized to "serve" documents that purport on their face to give notice of proceedings in "courts" that are not established by law?

## OPINION

We answer this question in the negative.

A sheriff is required to "execute all processes, writs, precepts, and orders issued or made by lawful authority and to the sheriff delivered . . . ." Minn. Stat. § 387.03 (1994). I am not aware of any statutory or case law authority providing for service of motions, affidavits or

---

1.  The punctuation appearing in the original documents is followed here. Copies of relevant portions of the documents are attached to this opinion.

"Non-Statutory Abatement" by the sheriff.[2]  Furthermore, the documents enclosed with your letter cannot be said to be issued by "lawful authority."

"Common law" courts lack lawful authority. The only state judicial authority in Minnesota is the authority vested in courts by Article VI of the Minnesota Constitution. Article VI vests the state's judicial power in a supreme court, a court of appeals if established by the legislature, a district court and such other courts that may be established by the legislature. Minn. Const. art. VI, § 1. There is no provision for a "superior county court" with "common law venue" in the Minnesota Constitution, and the Minnesota Legislature has not created a "common law" court. Furthermore, the only recognized federal judicial authority is the judicial power created by Article III of the United States Constitution. U.S. Const. art. III, § 1. Article III vests the judicial power of the United States in a supreme court and any inferior courts Congress may establish. There is no federal "common law court" created by the United States Constitution or by Congress.

Thus, a purported "Common Law Court of the United States of America" has been characterized as "bogus." See United States v. Morse, No. 93-3548, unpublished slip op. at 1 (8th Cir., Apr. 12, 1994) (rejecting argument that failure to surrender to serve sentence was justified by defendant's purported transfer of case to common law court). See also United States v. Greenstreet, 912 F. Supp. 224, 229 (N.D. Tex. 1996) ("mythical common law court" purporting to be "Common Law Court" for the Republic of Texas "does not exist"), Kaltenbach v. Marchive, 635 So.2d 701 (La. Ct. App. 1994) (purported judgment of "United States Common Law Court of the United States of America" not a judgment of any state,

---

2.  The sheriff is required to serve specific documents, not relevant here, that contain an "affirmation." See, e.g., Minn. Stat. §§ 550.136, subd. 9 (service of earnings disclosure form containing affirmation) and 550.143, subd. 2 (1994) service of execution disclosure form containing affirmation). The phrase "non-statutory abatement" does not appear in any Minnesota statute or reported court decision.

federal or foreign court); <u>Scotka v. State</u>, 856 S.W.2d 790, 791 (Tex. Ct. App. 1993) (characterizing "Common Law Court of the United States of America Default Judgment" as "attempt[] to usurp judicial authority").

A "common-law court" is not a "lawful authority" under section 387.03 and, therefore, the sheriff is not required to deliver documents purporting to be issued by it.[3]

Furthermore, the sheriff's delivery of such documents violates the requirement of Minn. Const. art. X, § 1 that taxes be "levied and collected for public purposes." This provision means that "public funds derived from taxation may be spent only for a public purpose . . . ." <u>City of Pipestone v. Madsen</u>, 287 Minn. 357, 364, 178 N.W.2d 594, 598 (1970). "Public purpose" is generally construed to mean "activity as will serve as a benefit to the community as a body and which, at the same time, is directly related to the functions of government." <u>Id.</u> (citation omitted). The so-called common law courts serve no duly authorized public purpose and are not directly related to a government function. Therefore, public funds may not be used to perform services on their behalf.

Very truly yours,

HUBERT H. HUMPHREY III
Attorney General

PETER M. ACKERBERG
Assistant Attorney General

(612) 282-5717

PMA:fq0

---

3.  There may be circumstances when documents similar to those delivered to you fall within Minn. Stat. § 609.51 (1994), which imposes a misdemeanor penalty on any person who "[s]ends or delivers to another any document which simulates a summons, complaint, or court process with intent thereby to induce payment of a claim . . . ." We express no opinion regarding the application of section 609.51 to the particular documents delivered to you.